FREDERICK RUPP ET UX. v. ROBERT E. BURGESS.

Submitted July 3, 1903—Decided November 9, 1903.

1. The owner or occupant of premises abutting on a public street is under no legal duty to keep in repair the sidewalk in front of his property, unless by virtue of the requirements of a municipal ordinance.

2. When the duty of repairing sidewalks is imposed upon the abutting owner by statute or ordinance, the failure to perform that duty does not render the owner responsible to individuals for injuries received by them, due to want of repair; the only liability which rests upon the property owner is for the penalty prescribed by the statute or ordinance.

3. An abutting owner is liable for injuries received by one passing along the street and caused by the negligent maintenance by such owner of a drain or trench extending across the sidewalk in front of his premises to the curb line and used for the purpose of carrying the surface water therefrom.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiffs, *James B. McKee.*

For the defendant, *Hugh B. Reed.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The declaration contains two counts, the first of which sets out that the defendant was the owner of a certain lot fronting on Newton street, in the city of Newark, and that while owning and occupying this lot he wrongfully and knowingly permitted the flagstones with which the sidewalk in front of his property was covered to become and remain in a broken, insecure and dilapidated condition, and that by reason of such conduct the female plaintiff, who was then passing along the street upon this portion of the sidewalk, without any negligence on her part, stumbled and fell over the said broken flagstones and was seriously injured by her fall.

The second count alleges the ownership and occupation by the defendant of the said premises, and then states that immediately under the pavement on the sidewalk in front of said premises, and covered by said pavement, there was, at the time of the accident to the female plaintiff therein set forth, a certain drain, trench or gutter, intended for the passage of surface water, extending from the messuage of the defendant to the curbstone of the said street, and belonging to the said messuage. Then follows a statement that the defendant wrongfully and knowingly permitted the pavement which covered the said trench or gutter to become and remain in a broken, insecure and dilapidated condition, so that the said gutter was insufficiently and ineffectively covered, and that by reason thereof the said female plaintiff, who was then passing along the street upon the said portion

of said sidewalk, necessarily and unavoidably stumbled and fell over the broken pavement into the said trench, whereby she was seriously injured.

The defendant has demurred separately to each count.

The first count, plainly, discloses no cause of action. It is based upon the assumption that the owner and occupant of premises abutting upon a public street is under a legal duty to keep in repair the sidewalk in front of his property. But no such obligation rests upon him, unless by virtue of the requirements of a city or municipal ordinance (*Dill. Mun. Corp.*, § 1012; *Weller* v. *McCormick*, 18 *Vroom* 397), and the declaration fails to allege the existence of any such requirement.

And even when the duty of repairing sidewalks is imposed upon the abutting owner by statute or ordinance, the failure to perform that duty does not render the owner responsible to individuals for injuries received by them, resulting from defects in the sidewalk due to want of repair. The only liability which rests upon the property owner for the non-performance of such a duty is the penalty provided by the statute or ordinance. *Fielders* v. *New Jersey Street Railway Co.*, 39 *Vroom* 343, 352, and cases cited.

The second count, however, although loosely drawn, we think may stand. It states, substantially, that a drain or trench, which was an appurtenant to the premises of the defendant, and used for the purpose of carrying the surface water therefrom, extended across the sidewalk to the curb line; that the defendant negligently permitted the covering of this drain or trench to become so dilapidated, broken and out of repair that the plaintiff, while passing along the street, without any negligence on her part, stumbled over the broken covering and fell into the drain, thereby receiving serious injury. The rule is settled that when an abutting owner, for his private ends, places or maintains in a public highway anything which, if neglected, will render the way unsafe for travel, he is bound to exercise due care to prevent its becoming dangerous, and that his failure to do so will

render him liable for injuries received by a person passing along the highway, resulting from that neglect. The cases upon this subject will be found collated in 15 *Am. & Eng. Encycl. L.* (*2d ed.*) 419, *notes* 2 and 3.

The demurrer to the first count is sustained and to the second count is overruled.