DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY

NOVEMBER TERM, 1917.

---

JOHN P. BUCKALEW, APPELLANT, v. THE BOARD OF CHOSEN FREEHOLDERS OF MIDDLESEX COUNTY, NEW JERSEY, RESPONDENT.

Submitted March 25, 1918—Decided June 17, 1918.

1. In the absence of a statute imposing liability, an action will not lie in behalf of an individual who has sustained a private injury by reason of the neglect of a public corporation to perform a public duty.

2. In the absence of a statute imposing liability, a public corporation charged with the performance of a public duty is not liable to an individual either for neglect to perform, or negligence in the performance of, such duty, whereby a public wrong has been done for which indictment will lie, although such individual has suffered special damage.

3. When a public corporation is not liable for private injury to an individual, previous notice to the municipal authorities of the condition which caused the injury will not operate to impose liability.

4. As the plaintiff's injury did not result from any active wrong-doing of the defendant—a public corporation—he cannot recover.

On appeal from the Supreme Court.

For the appellant, *Edmund Hayes* and *Russell W. Watson.*

For the respondent, *Frederick F. Richardson.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   Plaintiff was injured on the night of February 1st, 1915, as the result of an accident caused by an automobile, which he was driving, running into a hole in the road known as the Woodbridge and New Brunswick turnpike in Middlesex county—a county road.

The director of the board of chosen freeholders of Middlesex had been notified about a month before the accident of the condition of the highway at the point where it happened, and had received three notices of such condition during that month. Each rain caused a washout, and it was the practice of the board of freeholders to repair the holes thus made by filling them up with sand, which would be washed out by the next storm. The board of freeholders had been requested by a person living in the vicinity to erect a retaining wall to prevent these washouts. After the accident to the plaintiff, the highway at the point of the accident was cemented, after which the road remained firm and there were no further washouts.

At the conclusion of plaintiff's case, the court directed a nonsuit, to which plaintiff excepted.

The contention of the plaintiff is that the conduct of the board of freeholders in repairing this road in the manner in which it did, so that a washout occurred with each successive rain storm, and with knowledge that such washouts would occur, amounted to active wrongdoing.

Unless the facts in the case at bar bring it within the authorities which hold municipal corporations liable for damages to those suffering injury from the active wrongdoing of their agents, the plaintiff cannot prevail and the nonsuit was right.

In *Livermore* v. *Board of Freeholders of Camden,* 31 N. J. L. 507, Chief Justice Beasley, speaking for this court, said (at *p.* 508):

"That an action will not lie in behalf of an individual who has sustained special damage by reason of the neglect of a public corporation to perform a public duty, I consider the settled law of this state. This was the doctrine approved by the Supreme Court, after much research, and a careful consideration of the authorities in the case of *The Board of Freeholders of Sussex* v. *Strader,* 18 N. J. L. 108, and the same principle was reaffirmed in the case of *Cooley* v. *Freeholders of Essex,* 27 *Id.* 415. These decisions, in my judgment, rest upon the solid foundations of ancient precedent and public policy."

This doctrine has been repeatedly reaffirmed.

In *Hart* v. *Freeholders of Union,* 57 N. J. L. 90, Mr. Justice Magie, afterwards Chief Justice and Chancellor, speaking for the Supreme Court, remarked that it has been uniformly held by our courts that in the absence of a statutory provision a municipal corporation charged with the performance of a public duty is not liable to an individual for neglect to perform it or negligence in the performance of such duty, whereby a public wrong has been done for which indictment will lie, although such individual has suffered special damage. And also said that Mr. Justice Garrison had collected all the cases in *Waters* v. *Newark,* 56 *Id.* 361, in which it was held:

"The neglect of a municipal corporation to perform or its negligence in the performance of a public duty imposed on it by law, is a public wrong to be remedied by indictment, and cannot constitute the basis of a civil action by an individual who has suffered particular damage by reason of such neglect.

"In such a case the circumstance that an individual specially injured gave notice to the municipal authorities is of no avail if the special injury was, in fact, part of an indictable offence."

And Mr. Justice Magie observed in *Hart* v. *Freeholders*, 57 *N. J. L.* (at *p.* 92):

"The exemption of municipal corporations from liability to such actions has been put by our courts on the ground of ancient . precedent and public policy. *Livermore* v. *Freeholders*, 29 *N. J. L.* 245; *S. C.*, 31 *Id.* 507. That public interest is deemed to be conserved by this exemption from liability seems apparent from the fact that the legislature may at any time impose such liability on municipal corporations, and has failed to do so except in a few instances. The legislation giving to boards of freeholders the right to acquire and maintain public highways out of which the public duty charged in .this count may arise, if at all, does not impose on such boards any liability to such actions."

In *Jersey City* v. *Kiernan*, 50 *N. J. L.* 246, it was held · that the rule that when a public sewer breaks from faulty construction, and private property is injured thereby, an action will not lie; but if the city be notified of such break, it then owes a duty to the individual injured and for the breach of which an action will lie, but only when the break in the sewer occasions a private nuisance, for if a public nuisance be the result the only remedy is by indictment. In the case at bar the plaintiff suffered a private injury, but only as one of the public, for the nuisance was public, and, as such, was remediable by indictment.

The plaintiff-appellant contends that the case at bar is within the doctrine of *Hart* v. *Freeholders of Union, supra;* *Kehoe* v. *Rutherford*, 74 *N. J. L.* 659, and *Bailey* v. *Osborn*, 80 *Id.* 333, and that these cases sustain his contention and right to recover.

The doctrine of *Hart* v. *Freeholders of Union, supra.* does not aid the plaintiff, but is an authority the other way, as above pointed out. *Kehoe* v. *Rutherford*, in this court, opinion by Mr. Justice Trenchard, is an authority of the same kind, for there the exemption of a municipality from actions by individuals suffering special damage from its neglect to perform, or its negligence in performing, public duties, was

expressly recognized and reaffirmed, while it was held, on the particular facts of that case, that an action lay for the diversion of surface water by a municipality from the course it would otherwise take, and casting it in a body large enough to do substantial injury on land, where, but for an artificial drain, it would not go.   The lands and property damaged were those of the plaintiff, Kehoe; they were not public property in any sense, and the damage, consequently, was that suffered by the owner alone, dissociated from his membership in the general public.

In *Bailey* v. *Osborn,* after certain drainage work had been done by commissioners appointed under the statute, the defendants cleaned out a ditch that had been dug and threw the refuse upon the plaintiff's land.   Mr. Justice Swayze, speaking for this court (at *p.* 334), observed that there was nothing to show that the borough of Atlantic Highlands had in any way acquired a right to throw refuse from a ditch upon the plaintiff's land; that the parties committing the trespass must answer in damages, and that a municipal corporation is liable for such misconduct is settled in this state, citing *Hart* v. *Freeholders of Union* and *Kehoe* v. *Rutherford, supra.*

The highway in question was a public road, the duty of constructing and maintaining which is imposed upon the board of chosen freeholders, but there is no statute imposing upon the board liability for damages incident to the road falling out of repair, and that is this case.   Not only the plaintiff, but everyone else using the highway, was liable to suffer the same injury at the same place by reason of the depression caused by the washout resulting from rain.   It is true that a person living in the vicinity repeatedly notified the director of the board of freeholders of these washouts, and on at least one occasion requested that a retaining wall be placed there to prevent them.   After the accident the road was actually repaired with cement in the washed-out area and has not since given way, but these things do not operate to impose a liability which can only be created by statute.

It is not suggested that the board of freeholders were required by law, statutory or otherwise, to repair the road with any particular kind of material; but even if the board were so required, and it were shown that other material was used, the plaintiff would have to go further and rest upon a statute which enacted that liability for damages would be visited upon the board for failure to repair with the given material; and, admittedly, there is no such statute. If the repairs were made with material which in and of itself would cause injury, a different question would doubtless be presented, but there is neither proof nor suggestion of anything of that kind in the case. Unless and until the legislature interferes, if it ever sees fit to do so, liability in the class of cases in which that under consideration is one, will not attach to public corporations for the result of accidents growing out of a want of repair of public highways.

As the plaintiff's injury did not result from any active wrongdoing of the defendant corporation he cannot recover. It follows that the nonsuit was right, and the judgment under review should, therefore, be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.