HARRY ENNEVER ET UX., RESPONDENTS, v. THE BOR-
OUGH OF BERGENFIELD ET AL., APPELLANTS.

Argued October 19, 1928—Decided February 4, 1929.

For the appellants, *De Turck & West*.

For the respondents, *Morrison, Lloyd & Morrison*.

The opinion of the court was delivered by

BLACK, J. The meritorious question involved in this appeal
is the liability of the defendants, municipal corporations, to
respond in damages for injuries and depreciation to the plain-
tiffs property, which consists of a house and several lots, for
creating and maintaining, what the jury found under the
instructions of the trial court to be a nuisance, viz., the de-
fendants constructing and maintaining a joint sewage disposal
plant and a joint sewerage system in the vicinity and adjoin-
ing the plaintiffs' property, upon the west bank of a small
natural stream, which flowed through the lands acquired by
the defendants, and, also, through the property of the
plaintiffs.

The record in brief shows the defendants in constructing
and operating the joint sewage disposal plant caused the

stream of water or brook flowing through the premises to fill with sewage and filth causing the water to be contaminated, polluting the stream by nauseating smells and gases to the special damage of the plaintiffs' property.

The trial court pointed out to the jury the legal distinction between active wrong-doing and negligence, for the latter, the cases in New Jersey are conclusive to the effect, that for mere negligence there is no liability except under a statute, such as the Bridge·act, making a township or the board of chosen freeholders of a county, when chargeable by law with the erection, &c., liable for negligence and an action will lie therefor. *Pamph. L.* 1860, *p.* 285; 1 *Comp. Stat., p.* 304, § 9; *Waters* v. *Mayor and City of Newark,* 56 *N. J. L.* 361; *Hart* v. *Freeholders,* 57 *Id.* 90, are typical illustrative cases. But when the injury is the result of active wrong-doing chargeable to the corporation, the municipality is liable to respond for special damages or injuries done. This is so, under a line of well considered cases in this court, such as *Kehoe* v. *Rutherford,* 74 *Id.* 659; *Jerolaman* v. *Belleville,* 90 *Id.* 206; *Doran* v. *City of Asbury Park,* 91 *Id.* 651, applied to artificial drains diverting surface water from its course. *Garrison* v. *Borough of Fort Lee,* 92 *Id.* 566. Constructing a sanitary sewer with outlets into its storm water drain, which latter empties into a brook at the head of plaintiff's pond resulting in its pollution. *Olesiewicz* v. *City of Camden,* 100 *Id.* 336. Special damages resulting from the operation of a private, as distinguished from a public activity.

The trial resulted in a verdict for the plaintiffs for the sum of $3,250. The record shows, although the defendants were performing a public duty in constructing and operating the sewers and the disposal plant, the evidence is plenary on which the jury could find and did find the defendants were committing an active wrong thereby causing special damage to the plaintiffs' property. Exemption of municipal corporations, under the cases above cited, does not extend to actions when the injury is the result of active wrong-doing. This disposes of the meritorious question involved in the cases and grounds of appeal numbers one and two; a refusal by the trial

court to nonsuit the plaintiffs or direct a verdict in favor of the defendants.

The only other question argued is, the admission in evidence of the testimony of a real estate agent, Irene I. Gilmore, on the question of the value of the real estate and the depreciation in value of the plaintiffs' property, as a result of the construction of the sewage disposal plant. This is alleged as error in grounds of appeal Nos. 3, 4, 5, 6, 7 and 8; a refusal to strike out the testimony of Irene I. Gilmore are not argued. It was not prejudicial error to permit the witness Irene I. Gilmore to answer the questions as to value and depreciation of the property as stated above. The cases applying the test, qualifying a witness to testify, as an expert giving values of real estate will be found collected in the case of *Ross* v. *Commissioners of Palisades Interstate Park,* 90 *N. J. L.* 461. Other illustrative cases since the Ross case are *Robinson* v. *Borough of Edgewater,* 98 *Id.* 205; *In re Morris, &c., Dredging Co.,* 96 *Id.* 248, 254; *Ridgewood Co.* v. *North Jersey District Water Supply Commission, ante, p.* 165.

The testimony shows that the witness Irene I. Gilmore was a real estate broker for seven years. The field of her operations had been in Bergen county, particularly in Bergenfield and Dumont. She had bought and sold properties in the neighborhood of and similar to the plaintiffs' property. She had sold $200,000 worth of property within six blocks of the sewage disposal plant, before it was in operation, and "quite a little" in the same area after the plant was running. She qualified, as an expert, as to values of properties in that vicinity, under our cases above cited.

Finding no error in the record the judgment of the Supreme Court is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.