ISABELLA GLASS AND WILLIAM G. GLASS, RESPONDENTS, v. AMERICAN STORES COMPANY, INCORPORATED, APPELLANT, AND IN THE ALTERNATIVE J. HORACE FINNEY AND LOUIS J. PIERGROSS, TRADING AS THE PALMYRA CONCRETE COMPANY.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant American Stores Company, Incorporated, *Cecil W. Rotzell.*

For the respondent, *Worth & Worth.*

The opinion of the court was delivered by

PARKER, J. The plaintiffs, husband and wife, recovered damages for injuries which the wife sustained because the sidewalk in front of the defendant's American Stores Company, Incorporated, store premises in Palmyra was not constructed, as the jury necessarily found, in a reasonably safe manner. The other defendants are not before the court on this appeal, a nonsuit having been directed as to them.

The proofs indicate that in front of the defendant's store premises was an old concrete sidewalk six to eight feet wide. Eighteen inches beyond the old walk, the outer edges of which were broken, was a new concrete sidewalk twelve feet wide. The levels were not identical and the space between was filled with cinders. It was open to the jury to find that the construction was faulty and dangerous. The testimony of the plaintiff wife indicates that she left the defendant's store, having made a purchase, and caught her foot in the ragged edge of the old sidewalk, or among the cinders, and was thrown to the ground with considerable force suffering the injuries of which she complained.

The complaint, as originally drawn, charged the Palmyra Construction Company, as the contractor that constructed the sidewalk, and the American Stores Company as tenant of the abutting premises, with placing a stake in the ground over which the female plaintiff tripped and fell. On the opening, counsel for plaintiff abandoned all claim against the contrac-

tor, and claimed a recovery against the appellant for "keeping the front of the store in a negligent and careless condition." There was a motion to nonsuit on the opening, on the ground of variance; also that the opening failed to show actionable negligence, and that "the plaintiff did not set up a cause of action against the defendant," which in effect was the same thing. On the argument it appeared that the real claim was that stated at the outset of this opinion, and that such claim had developed in the taking of testimony in advance of trial, so that the defendant was fully aware of it. The trial judge accordingly formulated and allowed an amendment to state the real facts claimed, and denied the motion to nonsuit. Both rulings are assigned for error. There was a motion to nonsuit when plaintiffs rested, which was denied, and this point is argued, but as no exception was entered we need not consider it. At the end of the case there was a motion to direct a verdict for defendant, also denied, and exception entered. This will be considered in due course.

We think there was no error, either in making the amendment, or in the refusal of a nonsuit after the opening of plaintiffs' counsel to the jury. The complaint was perhaps not artistically drawn and the opening was somewhat attenuated, but the trial court, by appropriate questions, discovered the gravamen of the charge and by amendment incorporated in the complaint sufficient allegations of fact to show a duty owed the plaintiffs by the defendant, and a negligent disregard thereof to the plaintiffs' injury. The action taken by the trial court was well within its discretion and occasioned no surprise whatever to defendant's counsel. The sidewalk so constructed as to endanger the safety of business visitors was pleaded and answered at first, so that no surprise was occasioned by the amendment. The complaint alleges a duty to maintain a sidewalk free from pitfalls and hidden obstructions. The amendment, as we read it in the light of the colloquy of court and counsel, alleges the duty to maintain a sidewalk free from a cinder strip between the old and new concrete with ragged edges in the old sidewalk—obviously a faulty and dangerous construction. We do not think that a

new or different cause of action was stated by the amendment. At all times the action sounded in tort, and the gravamen of the charge was the construction and maintenance of a defective and dangerous approach to the defendant's place of business. However, the powers of amendment are stated in section 24 of the Practice act of 1912 as follows: "In addition to the present powers of amendment, the court may, upon terms, permit, before or at the trial, the statement of a new or different cause of action in the complaint or counter-claim."

As to a refusal to nonsuit on the opening, we do not wish to be understood as subscribing to the proposition that if the opening fails to state facts constituting the cause of action set up in the complaint, the court is irretrievably in error for refusing to nonsuit. The rule is settled in cases where nonsuit was wrongly denied on the plaintiff resting his case, that if facts supporting the cause of action are elicited thereafter, the error is cured. By analogy, it would seem that a similar rule should apply in cases of a deficient opening and refusal to nonsuit on that opening.

The other point urged for reversal is that the court refused a direction of verdict for defendant: (a) because no negligence of this appellant had been shown, and (b) because the female plaintiff was guilty of contributory negligence. This last was clearly a jury question, and requires no particular discussion. As to primary negligence—though the case really turns on nuisance as distinct from negligence—the jury were entitled to find that the sidewalk was constructed in an improper manner, and that the appellant, American Stores Company, as tenant of the abutting premises was chargeable with that condition. We do not observe that any claim is made that as between owner and tenant, the owner is alone liable for damages due to a defectively constructed sidewalk. Any such claim, if made, would be ill founded. *Durant* v. *Palmer*, 29 *N. J. L.* 544; *McKeown* v. *King*, 99 *Id.* 251. As to the latter case, the fact should be borne in mind that the gravamen was not negligence in the maintenance of a sidewalk in good order, as in *Rupp* v. *Burgess*, 70 *Id.* 7, but in the maintenance of the cover of a drain crossing the sidewalk,

which drain both landlord and tenant, as to the persons, were required to use due care to keep in a reasonably safe condition.

Appellant contends that no duty exists to keep a sidewalk in repair, except in so far as the municipality is concerned. But that is beside the point. The distinction is between a faulty construction and its continuance, and dangers which may exist because of the wear and tear of the elements and the public. Mr. Justice Lloyd said, in *Braelow* v. *Klein,* 100 *N. J. L.* 156, 158: "We have, therefore, presented the construction of a footwalk in a public highway so far out of alignment with the true pavement level as to constitute a danger in its use and the continuance of that condition by the defendant without any effort on his part to correct the misalignment or to remove the danger. It is difficult to escape the conclusion of law that he would be chargeable with at least maintaining a nuisance in the public highway. The defendant sought to bring the case within the rule as declared by the Supreme Court in *Rupp* v. *Burgess, supra,* that there is no duty resting on the owner of premises abutting on a public street to keep the sidewalk in front of his property in repair, but the distinction is obvious. In the one case the whole construction is a nuisance in its inception and does not cease to be such in the control of subsequent owners of abutting property, while in the other the wear and tear of the elements and public tend to impair and possibly render dangerous a walk that was originally safe and innocuous. For these latter the owner is in nowise responsible, and hence under no obligation to correct. *McKeown* v. *King, supra*."

We find no error and the judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.