THERESA M. DI LELLO AND ANGELO DI LELLO, HER HUS-
BAND, IN HIS OWN RIGHT, PLAINTIFFS, v. MANUFAC-
TURERS' LAND AND IMPROVEMENT COMPANY, A
CORPORATION, DEFENDANT.

Decided March 3, 1933.

Before Henry H. Eldredge, Circuit Court judge.

For the plaintiffs, *Walter S. Keown.*

For the defendant, *George H. Jacobs.*

ELDREDGE, C. C. J.   The plaintiffs in the above entitled
suit seek to recover damages for injury to Theresa M. Di Lello
occasioned by a fall upon a sidewalk of the defendant on the
20th day August, 1930.   The gravamen of the complaint is
set out in paragraphs two and five thereof, as follows:

"2. Said defendant, as aforesaid, at the time and place
hereinafter mentioned, as owner of said property was under
a duty to keep the sidewalks on said property free of any
unguarded obstructions and in a proper state of repair for
use by the traveling public."

"5. At the time and place aforesaid, said defendant, Man-
ufacturers' Land and Improvement Company, negligently,
carelessly and improperly allowed to and did permit to exist
in the cement or concrete sidewalk, which extended on and
along its said property as aforesaid, a raised and broken con-

dition; in that said defendant, as aforesaid, allowed said cement or concrete sidewalk to become so raised and broken and so negligently allowed and permitted said cement or concrete sidewalk to become so dangerous that it imperiled the lives of the traveling public .at large, that had a right to pass on and along said sidewalk; in that said defendant, as aforesaid, negligently and carelessly knew and had knowledge of the dangerous condition of the said cement or concrete sidewalk, viz., the raised, uneven and broken condition of said sidewalk and the height of same in comparison with the level of said sidewalk and negligently failed to repair the same; in that said defendant, as aforesaid, knowing and having knowledge of the dangerous condition of said cement or concrete sidewalk, negligently failed to have any notice, warning, signal or other device placed upon or about said cement or concrete sidewalk for the purpose of warning the said public at large, so that while the said plaintiff Theresa M. Di Lello was lawfully walking on and along the southerly side of the said Ferry avenue, between the points of Eighth and Ninth streets, public highway of the city and county of Camden and State of New Jersey, which was the property of the said defendant, as aforesaid, without seeing the raised, broken and uneven condition of the said cement or concrete sdewalk she fell and tripped over same and injured herself."

Two motions are now before the court. First, counsel for the defendant moves to strike the complaint on the ground that it discloses no causes of action, and second, counsel for the plantiff moves to amend the complaint by adding to paragraph 5 thereof the following:

"And further the said defendant negligently, carelessly and improperly constructed or caused to be constructed the said concrete sidewalk abutting on the premises owned by the said defendant, either through itself or by and through its servants, agents or employes, so that by reason of said improper, negligent and careless construction, the said cement or concrete sidewalk became raised, broken and in an improper condition, by reason of which the plaintiff fell and tripped over the same, thus injuring herself."

These two motions will be treated together. Without an amendment to the present complaint, we think that there can be no doubt that the first motion would prevail. In fact, counsel for the plaintiffs did not argue that this complaint could stand. Should there be any attempt to sustain it, a complete answer is to be found in *Rupp* v. *Burgess,* 70 *N. J. L.* 7; 56 *Atl. Rep.* 166, in which Chief Justice Gummere said:

"The first count plainly discloses no cause of action. It is based upon the assumption that the owner and occupant of premises abutting upon a public street is under a legal duty to keep in repair the sidewalk in front of his property. But no such obligation rests upon him unless by virtue of the requirements of a city or municipal ordinance * * * and even when the duty of repairing sidewalks is imposed upon the abutting owner by statute or ordinance, failure to perform that duty does not render the owner responsible to individuals for injuries received by them resulting from defects in the sidewalk due to want of repair. The only liability which rests upon the property owner for non-performance of such a duty is the penalty provided by the statute or ordinance."

To the same effect see *Rose et al.* v. *Slough,* 92 *N. J. L.* 233; 104 *Atl. Rep.* 194, and *Sewall et al.* v. *Fox et al.,* 98 *N. J. L.* 819; 121 *Atl. Rep.* 669.

There are cricumstances where the abutting owner may be held liable for failure to repair, as where he constructs in or on the sidewalk something for his own private use, such as a drain, and injury results from his failure to maintain. No such circumstances are set out in the present complaint. The charge merely is failure to repair and maintain. Hence, there is nothing to take the case out of the general rule.

It follows, then, that counsel for the defendant is entitled to have the complaint stricken on the ground that it sets up no cause for action, unless the second motion be granted and the amendment permitted.

It is to be noted that the injury was received on the 20th day of August, 1930, so that considerably more than two years have elapsed since the happening. Had the application to

amend been made prior to the expiration of the two-year period, there could be no question as to the court's power to permit such amendment and it would not matter that the amendment set up a new or different cause of action (sections 23 and 24 of the supplement to the Practice act, *Pamph. L.* 1912, *pp.* 381, 382), and even after the expiration of the statutory period the amendment may be permitted if it merely expands or amplifies what was alleged in the cause of action already asserted. *Swank* v. *Pennsylvania Railroad Co.,* 94 *N. J. L.* 546; 111 *Atl. Rep.* 44.

In the present suit, the original complaint, in short, charges failure to keep the sidewalk in repair, while the amendment charges failure to properly construct. The question then before this court is to determine whether the amendment sought sets up a new or different cause of action.

It is apparent that it is frequently difficult to determine where the line is to be drawn between what constitutes the same cause of action and a new or different cause. There is, however, a very helpful and comprehensive test found in *O'Shaughnessy* v. *Bayonne News Co.,* 109 *N. J. L.* 271; 9 *N. J. Mis. R.* 345; 154 *Atl. Rep.* 13, in which the court says:

"It is quite generally held that if the identity of the transaction formed the cause of action originally declared upon is adhered to, and amendment is not ordinarily regarded as substantially changing the plaintiffs' claim or as stating a new or substantially different cause of action. So, an amendment will not, as a rule, be held to state a new cause of action if the facts alleged show substantially the same wrong with respect to the same transaction, or, if it is the same matter more fully or differently laid, or, if the gist of the action or the subject of controversy remains the same; and this is true although the *form of liability* asserted or the alleged instances of the transaction may be different."

Applying this test, we think the amendment cannot be allowed. The charge in the amended complaint is not substantially the same wrong with respect to the same transaction as that alleged in the original complaint. The wrong in one is failure to repair and maintain, while the wrong in the

other is failure to properly construct. Nor is it the same matter more fully and differently laid, but rather it is a different matter setting up a different cause of liability. Neither can it be said that the gist of the action nor the subject of the controversy is the same.

Bouvier's Law Dictionary defines "gist" to be "the essenital ground or object of the action in point of law, without which there would be no cause of action  *  *  *  the cause for which an action will lie; the ground or foundation of a suit, without which it would not be maintainable; the essential ground or object of the suit without which there is no cause of action."

In the light of this definition or of these definitions, the gist of the action set up in the amended complaint is negligence arising from defective construction of the sidewalk, from which injury resulted to the plaintiff. That is not the same as the gist of the action attempted to be set up in the original complaint. To permit the amendment, therefore, would set up a new cause of action, and hence the amendment cannot be allowed.

The motion to amend will therefore be denied and the motion to strike the complaint be granted.