### VAN ZANDT et al. v. BERGEN COUNTY, N. J.

#### No. 5690.

Circuit Court of Appeals, Third Circuit.

Sept. 24, 1935.

Harry Lane and Robert Carey, both of Jersey City, N. J., for appellants.

Walter G. Winne, of Hackensack, N. J., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

The question in this case is whether or not the District Court erred in directing a jury to return a verdict in favor of the defendant, the county of Bergen, N. J., and against the plaintiffs, Margaret and Le Roy Van Zandt.

In their complaint, the plaintiffs alleged that they drove their automobile into excavations which the defendant had caused to be dug in the public highway and left unguarded, and that as a result of the shock of striking one of the holes the automobile went out of control and was wrecked, causing serious injuries to the plaintiffs.

There was evidence before the court that tended to support these allegations.

After 7 o'clock on Sunday evening, March 10, 1929, the plaintiff Le Roy Van Zandt was driving his automobile on a road maintained by and belonging to Bergen county. His wife, the other plaintiff, was a passenger in the automobile. The road was hard-surfaced and generally in good condition. But without warning, the

plaintiff came on two of the holes in the highway and, in swerving to avoid striking them, he hit another large and deep hole and lost control of the automobile, which resulted in its leaving the highway and striking a clump of trees.

There was substantial evidence tending to show that a gang of men was repairing the highway at the place of the accident on March 9, 1929, the day prior to the accident, and that they were digging out spots in the broken surface in preparing to fill them with a repair substance. This repair work was finished on Monday and Tuesday, March 11 and 12, when large quantities of stone and paving material were used to fill up the holes in the roadway. The evidence tends to show that the plaintiff's automobile struck a hole three feet in diameter and approximately eight inches deep, which defendant had made wider, deeper, and more dangerous than it was before the work of repair was begun, and that there were no signals, guards, or other protection to warn users of the highway of the condition in which the road had been left over the week end.

The defendant does not question that the evidence was sufficient to submit to the jury in an ordinary case, but it contends that an action based on negligence in repairing or maintaining its highways cannot be sustained against a county of the state of New Jersey.

■ That, in itself, is a correct legal conclusion. The rule of law is well settled that a public corporation is not liable for negligence in performing or failing to perform a public duty. Freeholders of Sussex County v. Strader, 18 N. J. Law, 108, 35 Am. Dec. 530; Jersey City v. Kiernan, 50 N. J. Law, 246, 13 A. 170; Hart v. Freeholders of Union County, 57 N. J. Law, 90, 29 A. 490; Buckalew v. Freeholders of Middlesex County, 91 N. J. Law, 517, 104 A. 308, 2 A. L. R. 718; Florio v. Jersey City, 101 N. J. Law, 535, 129 A. 470, 471, 40 A. L. R. 1353.

■ But where an injury results from "active wrongdoing" chargeable to it, a public corporation is liable in a suit by an individual. Hart v. Freeholders of Union County, supra; Kehoe v. Rutherford, 74 N. J. Law, 659, 65 A. 1046, 122 Am. St. Rep. 411; Ennever v. Bergenfield, 105 N. J. Law, 419, 144 A. 809; Allas v. Rumson, 114 N. J. Law, 227, 176 A. 352.

■ There was sufficient evidence to take this case to the jury on the ground that the injuries of the plaintiffs were the result of the active wrongdoing of the county of Bergen. To support the issue the plaintiffs introduced testimony which tended to show that the employees of the defendant excavated parts of a surfaced highway for repairing and intentionally left these dangerous holes unguarded, and that in consequence the plaintiffs inadvertently drove into them.

■ That sort of conduct has been said by the courts of New Jersey to constitute "active wrongdoing," and we so hold. Hart v. Freeholders of Union County, supra; Florio v. Jersey City, supra; Allas v. Rumson, supra. The Court of Errors and Appeals said in Florio v. Jersey City: "The active wrongdoing must be chargeable to the municipality in order to render it liable, e. g. where a municipality directs its employee to dig a hole in a public highway and leaves it unguarded or participates in some other act of misfeasance through which a person suffers injury."

■ The defendant argues that the plaintiffs' complaint is founded on negligence. It is true that the plaintiffs have used the word "negligence" throughout their complaint, but that merely constitutes inartistic pleading and is surplusage. The important thing is that they have stated the facts which, if proved, will show "active wrongdoing" on the part of the defendant.

The judgment of the District Court is reversed and a new trial granted.