RUTH MOSKOWITZ, PLAINTIFF-APPELLANT, v. JACK HERMAN, T/A HERMAN'S RADIO SERVICE AND H. LESLIE CORP., A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.

Argued September 8, 1954—Decided October 18, 1954.

224

Mr. *Louis J. Pantages* argued the cause for the defendants-respondents (*Messrs. Mead, Gleeson, Hansen & Pantages,* attorneys).

Mr. *George J. Kaplan* argued the cause for the plaintiff-appellant (*Mr. Joseph L. Kramer* and *Mr. Louis Steissel,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J.   This is a sidewalk accident case grounded in nuisance and negligence.

On November 18, 1951, shortly before nine o'clock in the evening, the plaintiff, accompanied by a friend, was walking along the sidewalk in front of premises at 483 Springfield Avenue in Newark, when her foot caught in a hole in the walk and she fell causing injuries to her and consequent damages.

The defendant, H. Leslie Corp., was the owner of the premises abutting the sidewalk and Jack Herman, trading as Herman's Radio Service, was the tenant. The testimony of the plaintiff showed that the property was acquired by the corporate defendant in 1944 and that the individual defendant had been a tenant in the premises since that time.

There can be no question but what the sidewalk had deteriorated and was in poor condition but the testimony showed that it was generally in the same condition at the time of plaintiff's fall as it was in 1944 when acquired and occupied by these defendants and there was a complete dearth of evidence as to when it had been constructed. Plaintiff's expert on sidewalk construction, who examined this sidewalk in December 1951, testified that the walk had

been constructed for pedestrian use. He did testify that it had been poorly constructed but that the standard he used was for a sidewalk to be used both for pedestrian and commercial purposes. He was unable to say at what time this walk was constructed nor how long it had been in the condition existing at the time of the accident to the plaintiff.

At the close of plaintiff's case both defendants moved for the dismissal of the action and the motions were granted. *R. R.* 4:42–2(*b*). On appeal to the Appellate Division the judgment entered below was affirmed and on plaintiff's petition this court granted certification. 15 *N. J.* 380.

Here the appellant argues that the proofs established a defectively constructed sidewalk which constituted a nuisance in its inception and that the nuisance thereby created was adopted by these defendants.

The prime difficulty with plaintiff's contention is her lack of proof as to when the sidewalk was constructed and the proper standard of construction at that time. There was no proof as to the creation of any nuisance by the defendant owner or by its predecessors in title in the original construction of the sidewalk.

██ An abutting owner is not liable for injuries suffered by a pedestrian on a defective or dilapidated sidewalk even though it constitutes a nuisance, unless the proofs show that that owner or his predecessor in title participated in the creation or continuance of the nuisance. *Rupp v. Burgess,* 70 *N. J. L.* 7 (*Sup. Ct.* 1903); *Rose v. Slough,* 92 *N. J. L.* 233 (*E. & A.* 1918); *Murphy v. Fair Oaks Sanatorium,* 127 *N. J. L.* 255 (*E. & A.* 1941); cf. *American Law Institute, Restatement of the Law,* 2 *Torts (Negligence),* sec. 349–50, pp. 956–960; *Negligence Law in New Jersey,* Stevenson (1945), pp. 132–133. The owner of premises abutting a public sidewalk is not responsible for defects therein caused by the action of the elements or by wear and tear incident to public use, and not caused by his own wrongful act. *Rupp v. Burgess, supra; Volke v. Otway,* 115 *N. J. L.* 553 (*E. & A.* 1935); *Halloway v. Goldenberg,* 4 *N. J. Super.* 488 (*App. Div.* 1949); *Snidman v. Dorfman,* 7 *N. J. Super.*

207 (*App. Div.* 1950). The distinction between liability and non-liability has been said to be "between a faulty construction and its continuance, and dangers which may exist because of the wear and tear of the elements and the public." *Glass v. American Stores Co., Inc.,* 110 *N. J. L.* 152 (*E. & A.* 1933).

But plaintiff says the individual defendant made an improper use of the sidewalk, that he used it for a purpose for which it was not adapted, that this made the pre-existing condition worse and that this amounted to a public nuisance. Reliance is placed on *Prange v. McLaughlin,* 115 *N. J. L.* 116 (*E. & A.* 1935). Again the plaintiff cannot surmount her lack of proof.

There was testimony that there had been some deliveries of washing machines and refrigerators made on the sidewalk in front of the store near the curb which were then moved into the store by hand truck. There was no proof that the plaintiff fell where these deliveries had been made or that these deliveries caused the walk to break. As a matter of fact, the evidence showed that the sidewalk had remained in the same broken and dilapidated condition from the time when the defendants acquired it to the date of the accident.

We find no evidence of negligence on the part of the defendants or the existence of a nuisance created, continued or adopted by them, which would have warranted the submission of the cause to the jury.

Judgment affirmed.

JACOBS, J. (dissenting). The corporate defendant's building at 483 Springfield Avenue, Newark, is located in a highly commercialized area and its ground floor is operated by its principal stockholder, the individual defendant, as a radio and appliance store. The sidewalk in front of the building is paved from curb to building line and is used by business patrons as well as the public generally. The plaintiff, while walking in front of the store, caught her foot in a hole in the sidewalk and her resulting fall caused serious injury. She fell near the curb on a portion of the sidewalk which

had been badly broken and contained some dirt fill. There were snapshots introduced in evidence which indicated not only that the sidewalk breakage at the point of the fall was extensive, but also that the surrounding portions of the sidewalk were in somewhat better condition.

The corporate defendant acquired title to the building in 1944 and during the same year the individual defendant's tenancy began. Although at that time the sidewalk was not in good condition, the defendants never made any repairs except to sections of the sidewalk located about ten or twelve feet from the point of the plaintiff's fall. Miss Ferfecki, who had lived in the neighborhood for over four years, testified that on many occasions she had seen deliveries of washing machines and refrigerators being made on the sidewalk near the curb in front of the individual defendant's store. The washing machines and refrigerators were wheeled into the store on hand trucks. Miss Ferfecki testified further that although the broken condition of the sidewalk had existed since she first moved into the neighborhood, it had "become worse." Mr. Connolly, a construction expert and consultant engineer, testified that he had examined the sidewalk and had found that it was "very poorly constructed as to material and workmanship." He pointed out that it was only one inch thick, had no cinder fill and "no reinforcing whatever," and was not suitable for any commercial purposes "such as rolling trucks, backing up trucks on it, and dropping heavy packages or bundles on it." He expressed the opinion that the sidewalk had been laid not more than 20 years earlier, that "wear and tear from pedestrians' walking" would not have brought about its condition, and that "a few slabs in particular, near the curb are very badly broken up as though something had been dropped upon them." Notwithstanding the weight of all of the foregoing and the well-established rule that the plaintiff is entitled to the benefit of the most favorable testimony, together with the reasonable inferences therefrom, the trial court dismissed the action at the close of the plaintiff's case. See *Dobrow v. Hertz*, 125 *N. J. L.* 347, 348 (*E. & A.* 1940).

At common law the responsibility of constructing and maintaining sidewalks was placed on the municipalities rather than upon the abutting landowners. See Stevenson, *Law of Streets and Sidewalks in New Jersey*, 3 *Rutgers L. Rev.* 19 (1949); *Restatement, Torts,* § 349 (1934) and *N. J. Annotations* (1940); 19 *McQuillin, Municipal Corporations* (*3d ed.* 1950), § 54.01 *et seq.* However, our statutes have expressly authorized municipalities to impose the obligation of constructing and maintaining sidewalks upon the abutting landowners (*R. S.* 40:180–2) and ordinances doing so were adopted in Newark many decades ago. In *Pirozzi v. Acme Holding Co. of Paterson,* 5 *N. J.* 178, 186 (1950), this court recently reaffirmed the sound principle that where a common law or statutory obligation "is due to the public, considered as composed of individuals, and for their protection, each person specially injured by a breach of the obligation, is entitled to a private action to recover compensation for his damage." Much may be said for the position that, in the light of current urban conditions, landowners (at least those engaged in commercial activity) should now be held accountable, under this principle, for damages resulting from their failure to discharge their statutory duty of maintaining the sidewalks in front of their premises. *Cf. Prosser, Torts,* 607 (1941). However, our courts have persisted in their view to the contrary, asserting flatly that "where a duty simply to maintain the sidewalk in a state of repair is laid by statute or local ordinance upon the owner or occupant of premises abutting upon a public street, its non-performance does not give rise to a cause of action in favor of one injured by a defect due to wear and tear." *Fischer v. Salomone,* 136 *N. J. L.* 431, 432 (*Sup. Ct.* 1948); *Rupp v. Burgess,* 70 *N. J. L.* 7, 9 (*Sup. Ct.* 1903).

The foregoing doctrine is pregnant with seeds of gross injustice for it tends to immunize the wrongdoer whose flagrant neglect of duty has caused injury to an innocent party who is left with recourse against no one. See *Buckalew v. Board of Chosen Freeholders of Middlesex,* 91 *N. J. L.* 517 (*E. & A.* 1918); *McQuillin, supra,* at 33. Perhaps because

of the harshness of the general rule of non-responsibility our courts have displayed a readiness to impose liability upon defaulting landowners upon showings of slightly variant circumstances. In *Braelow v. Klein*, 100 *N. J. L.* 156 (*E. & A.* 1924), the plaintiff fell on the sidewalk in front of the defendant's premises and suffered injury. The evidence indicated that when the defendant purchased his property the sidewalk was three inches higher than that on the adjoining property and he did nothing to alter this condition. The Court of Errors and Appeals sustained a judgment for the plaintiff on the ground that the defective construction of the sidewalk had created a public nuisance which the defendant was responsible for continuing. See also *Fasano v. Prudential Insurance Co.*, 117 *N. J. L.* 539, 540 (*Sup. Ct.* 1937). In *Prange v. McLaughlin*, 115 *N. J. L.* 116 (*E. & A.* 1935), the plaintiff fell when she "stepped into a hole caused by a break in the cement sidewalk" in front of the defendant's apartment building. There was evidence indicating that the break had been caused by coal trucks and moving vans "backing up on the sidewalk" and that the defendant was aware of the condition and its cause. The Court of Errors and Appeals sustained a judgment for the plaintiff on the ground that the improper use of the sidewalk had created a nuisance in which the defendant may be said to have participated and which he was under a duty to terminate. See also *Davis v. Tallon*, 91 *N. J. L.* 618 (*E. & A.* 1918); *Zak v. Craig*, 5 *N. J. Misc.* 275 (*Sup. Ct.* 1927). In *McHugh v. Hawthorne Building & Loan Ass'n.*, 118 *N. J. L.* 78 (*Sup. Ct.* 1937), the plaintiff was injured when she caught her foot in a crack in the sidewalk fronting on the defendant's property. The evidence indicated that the defendant's predecessor in title had negligently made repairs to the sidewalk. The court affirmed a judgment for the plaintiff on the ground that the predecessor's conduct had created a nuisance which the defendant was under a duty to eliminate. And in the recent case of *Saco v. Hall*, 1 *N. J.* 377, 382 (1949), this court, in a unanimous opinion delivered by Justice Oliphant, significantly broadened the responsi-

bility of an abutting landowner for injury suffered by a plaintiff who fell on the sidewalk which had become icy from a faulty drain attached to the defendant's building; earlier narrower holdings were expressly overruled and the opinion repeatedly stressed the public's easement to use the sidewalk for safe travel and its "right to assume that there is no dangerous impediment or pitfall in any part of it."

In recent days this court has displayed increased awareness that the vital purpose of our legal system is to serve justly the needs of present day society. See *Arrow Builders Supply Corp. v. Hudson Terrace Apartments, Inc.*, 15 *N. J.* 418, 426 (1954), rehearing denied 16 *N. J.* 47 (1954); *Murphy v. Kelly*, 15 *N. J.* 608, 612 (1954). Ancient common law doctrines in various fields have been carefully re-examined and restated to meet modern social and moral concepts (see Stoffer, *The Supreme Court and Stare Decisis*, 9 *Rutgers L. Rev.* 1 (1954)), and it may well be that the time has come to re-evaluate generally the tort responsibility of abutting landowners. See McNiece & Thornton, *Affirmative Duties in Tort*, 58 *Yale L. J.* 1272 (1949); *Friedmann, Social Insurance and the Principles of Tort Liability*, 63 *Harv. L. Rev.* 241 (1949). *Cf. Greenspan v. Slate*, 12 *N. J.* 426 (1953); *Harris v. Mentes-Williams Co., Inc.*, 11 *N. J.* 559 (1953). Although a majority of the court is presently not prepared to take such action, it would seem that in the particular case at hand, the fair and just result may be reached without going beyond the orbit of the New Jersey precedents; indeed, the circumstances presented seem much more compelling than those presented in *Braelow v. Klein, supra; Prange v. McLaughlin, supra; McHugh v. Hawthorne Building & Loan Ass'n, supra*, and *Saco v. Hall, supra*. The defendants' building was used for commercial purposes, the adjacent sidewalk was used by business patrons as well as the public generally, and the proper maintenance of the sidewalk was directly beneficial to the operation of the business. Although the defendants had owned and occupied the premises for many years, they deliberately permitted the deterioration of the sidewalk far in excess of that resulting from

ordinary pedestrian wear and tear. Originally, the sidewalk had been "very poorly constructed" and was, at best, suitable for pedestrian use alone; nevertheless, they used it for commercial deliveries along the curb with resulting breakage and worsening of its pre-existing poor condition. The plaintiff's fall took place near the curb where the breakage had been particularly severe and where no repairs had ever been made. While it is true that there was no direct eye witness assertion that the plaintiff fell where the deliveries of the washing machines and refrigerators had taken place and that the "deliveries caused the walk to break," the realistic inferences to be drawn from the testimony were pointedly to that effect. Strictly within the language of the New Jersey decisions, a jury could reasonably have found from the evidence that the defendants had participated in the creation or continuance of the nuisance which proximately caused the plaintiff's fall and injury. That being so, the trial court should not have dismissed the proceeding at the close of the plaintiff's case but should have called upon the defendants for their affirmative testimony in support of the defenses.

Chief Justice VANDERBILT joins this dissent.

*For affirmance*—Justices HEHER, OLIPHANT, WACHENFELD and BURLING—4.

*For reversal*—Chief Justice VANDERBILT, and Justice JACOBS—2.