122 N.J. Super. 221 (1971)
300 A.2d 152
MARY MUZIO AND ANGELO MUZIO, PLAINTIFFS-APPELLANTS,
v.
GEORGE KRAUZER, NICHOLAS KRAUZER AND JACOB KRAUZER, t/a KRAUZER'S QUALITY DAIRY STORE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1971.
Decided October 27, 1971.
Before Judges LEWIS, KOLOVSKY and HALPERN.
Mr. Andrew M. Rockman argued the cause for appellants (Messrs. Levinson, Conover, Lieberman & Fink, attorneys).
Mr. Philip S. Epstein argued the cause for respondents (Messrs. Krieger & Klein, attorneys).
*222 PER CURIAM.
In this sidewalk-fall down case, plaintiffs appeal from the grant of defendants' motion for an involuntary dismissal at the conclusion of plaintiffs' case.
The evidence offered by plaintiffs may be briefly summarized. Defendants conducted their dairy store business in a store at 31 East Railroad Avenue, Jamesburg, which they had leased from the owner of the property Fred A. Kullmer. Kullmer had originally been joined as a party defendant to this action but on plaintiffs' motion in open court the complaint against him had been dismissed.
Mrs. Muzio had parked her car across the street from defendants' dairy store preparatory to entering the store to purchase a loaf of bread. She crossed the street, stepped onto the curb and proceeded to walk across the public sidewalk towards the door of the store. She stepped aside to permit tray-carrying bakery delivery men who had exited from the store to pass. As she did so, she "tripped on [a] hole" in the sidewalk and fell, sustaining injuries.
The concrete public sidewalk in front of defendants' store extended some 19 feet from the face of the building to the curb line. The hole or depression in the sidewalk which allegedly caused Mrs. Muzio to fall was situate about seven feet from the front of the store and four to five feet to the left of the entrance door.
An expert witness, viewing a picture, estimated that the depth of the hole varied from nothing to four inches. In his opinion the sidewalk had been defectively constructed because it lacked "pre-molded joint fillers." The crack and hole must have taken a few years to develop; to permit it to develop indicated that the sidewalk had not been "properly maintained."
In granting the motion for dismissal, the trial court said:
[I]n this case I can find absolutely no evidence that the condition of this sidewalk was the result of these defendants' wrongful conduct or was a nuisance that they had either created or participated in maintaining.
*223 It therefore deemed itself bound by the settled rule in this State that:
An abutting owner is not liable for injuries suffered by a pedestrian on a defective or dilapidated sidewalk even though it constitutes a nuisance, unless the proofs show that that owner or his predecessor in title participated in the creation or continuance of the nuisance. [Citations omitted] The owner of premises abutting a public sidewalk is not responsible for defects therein accused by the action of the elements or by wear and tear incident to public use, and not caused by his own wrongful act. (Moskowitz v. Herman, 16 N.J. 223, 225 (1954))
It is to be noted that a recent challenge to the Moskowitz rule was rejected in Murray v. Michalak, 58 N.J. 220 (1971).
On appeal, plaintiffs do not dispute the court's findings that their proofs did not show that the condition resulted from defendants' wrongful conduct. They rely instead on the rule that the owner or occupant of business premises must maintain the premises in a safe condition for the use of his business invitees. They argue that plaintiff-wife should be deemed a business invitee of defendants while she was on the public sidewalk just as she concededly would have been once she entered the store.
Plaintiffs' attempt to include the public sidewalk as part of the business premises which defendants as the occupants of a store must maintain in a safe condition for use of customers intending to enter the store finds no support in the law. See MacGregor v. Tinker Realty Co., 37 N.J. Super. 112, 115 (App. Div. 1955); Skupienski v. Maly, 27 N.J. 240, 248 (1958).
The sidewalk is a public sidewalk not a part of defendants' business premises and defendants' duty and obligation with respect thereto was that set forth in Moskowitz v. Herman, supra.
Plaintiffs purport to find support for their argument in Merkel v. Safeway Stores, Inc., 77 N.J. Super. 535 (Law Div. 1962), in which the court held that where a store provided an adjacent parking lot for the use of its customers *224 and no entrance is provided from the parking lot to the store except over the public sidewalk
the store owner assumes the responsibility for a direct path from the parking area to the store and care must be exercised to keep that path in reasonably safe condition for customers. (At p. 541).
We find no need to evaluate the correctness of the decision of the Law Division in Merkel. The factual complex in that case makes the precedential value thereof inapplicable to the circumstances of the present case.
The judgment is affirmed.
LEWIS, P.J.A.D. (concurring).
I concur in the result reached because we are an intermediate appellate tribunal and are bound by the decisions of our Supreme Court.
The facts and circumstances of this storekeepers-patron sidewalk case augur well for a needed change in our public policy as indicated in the dissenting opinions in Moskowitz v. Herman, supra, 16 N.J. at 226-231 and Murray v. Michalak, supra, 58 N.J. at 220-226.
Here, a glance at the photographic evidence and a reading of the testimony of the injured plaintiff and her expert witness suggest that the granting of defendants' motion immunized from liability occupiers-invitors who may have wrongfully suffered a dangerous condition to exist, in the direct path of the only entrance to their store, and thus left an innocent invitee-victim without legal recourse.