**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1899-16T3

HECTOR SERULLE,

    Plaintiff-Appellant,

v.

DARIO, YACKER, SUAREZ & ALBERT, LLC,
RONALD DARIO, ESQ., and
BRIAN EYERMAN, ESQ.,

    Defendants-Respondents.

_____

Submitted July 31, 2018 — Decided August 6, 2018

Before Judges Mayer and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6805-14.

Jae Lee Law, PC, attorneys for appellant (Martin S. Cedzidlo, on the brief).

Hardin, Kundla, McKeon & Poletto, PA, attorneys for respondent (James P. McBarron, on the brief).

PER CURIAM

    Plaintiff Hector Serulle appeals from a November 28, 2016

order, which denied reconsideration of a September 16, 2016 order

granting defendants Dario, Yacker, Suarez & Albert, LLC, Ronald Dario, Esq., and Brian Eyerman, Esq., summary judgment dismissing plaintiff's legal malpractice complaint. We affirm.

We take the following facts from the record. In October 2009, Serulle allegedly tripped and fell on a sidewalk abutting a private home owned by Adrian Sosa in Cliffside Park. Serulle filed a personal injury action against Sosa, wherein defendants represented him. Serulle alleged he tripped on loose stone on top of the sidewalk, which was the result of old concrete patchwork. Serulle also alleged his fall was the result of a height differential caused by a tree root beneath the sidewalk that pushed a slab upwards.

Prior to the trial, defendants took Sosa's deposition. He testified he owned the residence for ten years. He denied making any repairs to the sidewalk or attempting to even the height differential. As part of the pre-trial discovery, defendants also attempted to pull permits evidencing repairs to the sidewalk, but discovered none.

The matter was tried before a judge. Serulle offered testimony, which was consistent with the allegations set forth in his complaint. The trial judge found Sosa enjoyed immunity as a homeowner for injuries occurring on a public sidewalk abutting his property. The judge also found a lack of evidence "Sosa, actually

did the repair, or [that] he, himself, made the property or the sidewalk more dangerous than it was." The judge entered a directed verdict in favor of Sosa.

Subsequently, Serulle filed a complaint in this legal malpractice matter. The complaint alleged defendants "failed to conduct a proper investigation and discovery, both prior to the institution of litigation, and/or during the litigation, to determine the construction, repairs, and remediation of the hazardous condition of the sidewalk of the Sosa property." Serulle also alleged defendants

> failed to produce the adequate proofs and evidence of the history of the construction, repairs and remediation of the hazardous condition of the property, due to their lack of proper investigation and discovery [and] also failed to adequately discuss or prepare [him] for his appearance in court, or discuss with him, the testimony which would be offered to the court.

Serulle retained Vivian Goldblatt of Arch Forensics, LLC who opined the repairs were improperly made to the sidewalk. Specifically, Goldblatt's report and deposition testimony were that the repairs to the sidewalk were made with Quikrete, which was the wrong construction material to use, because it had broken up into a jigsaw pattern and become a hazard.

Defendants filed a motion for summary judgment, which the motion judge granted. The judge found in order to succeed in his

legal malpractice claim, Serulle had to prove his underlying negligence claim against Sosa. Specifically, the judge stated "[Serulle] has to prove [Sosa,] or an identified predecessor in title, made the improper repair . . . and prove that with effort that could be made by any trial lawyer, that these defendants should have been able to prove these facts in the underlying or original action." The judge concluded Serulle's "present lawyers ha[ve] not established these facts" and therefore, "[Serulle's] present counsel [cannot] be heard to argue that [Serulle's] prior counsel should have been able to do so[.]" This appeal followed.

Appellate courts "review the trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). The court considers all of the evidence submitted "in the light most favorable to the non-moving party," and determines if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). The court may not weigh the evidence and determine the truth of the matter; rather, the court's role is to determine whether there is a genuine issue for trial. Id. at 540. A party seeking summary judgment must show that there is no genuine issue as to any material fact challenged, and that

he or she is entitled to a judgment or order as a matter of law. R. 4:46-2(c).

On appeal, Serulle argues defendants "failed to conduct basic discovery until after the discovery end date, and only then conducted a deposition of [Sosa]." Serulle asserts defendants "produced no investigation or proofs as to the negligence of [Sosa] due to [defendants'] lack of attention to the file." Serulle argues Goldblatt's deposition testimony supported the inference Sosa had negligently performed repairs on the sidewalk. Thus, Serulle asserts there was enough of a dispute in fact to thwart granting summary judgment to defendants.

A claim for "[l]egal malpractice is a variation on the tort of negligence" relating to an attorney's representation of a client. Garcia v. Kozlov, Seaton, Romanini & Brooks, PC, 179 N.J. 343, 357 (2004). To establish a prima facie case of legal malpractice, a plaintiff must demonstrate: (1) the existence of an attorney-client relationship creating a duty of care upon the attorney to the plaintiff, (2) the breach of that duty by the attorney, and (3) such breach was the proximate cause of the damages sustained by the plaintiff. Jerista v. Murray, 185 N.J. 175, 190-91 (2005); Conklin v. Hannoch Weisman, PC, 145 N.J. 395, 416 (1996).

With respect to the proximate cause element, "[t]he client bears the burden of proving by a preponderance of competent credible evidence that injuries were suffered as a proximate consequence of the attorney's breach of duty." Sommers v. McKinney, 287 N.J. Super. 1, 10 (App. Div. 1996) (citing Lieberman v. Emp'rs Ins. of Wausau, 84 N.J. 325, 342 (1980)). An attorney who breaches his or her duty of care to a client is liable only for the losses proximately caused by such a breach. 2175 Lemoine Ave. v. Finco, Inc., 272 N.J. Super. 478, 487-88 (App. Div. 1994); Lamb v. Barbour, 188 N.J. Super. 6, 12 (App. Div. 1982). "To establish the requisite causal connection between a defendant's negligence and plaintiff's harm, plaintiff must present evidence to support a finding that defendant's negligent conduct was a 'substantial factor' in bringing about plaintiff's injury, even though there may be other concurrent causes of the harm." Froom v. Perel, 377 N.J. Super. 298, 313 (App. Div. 2005) (quoting Conklin, 145 N.J. at 419). The burden of proving a causal relationship rests with the client and cannot be "satisfied by mere conjecture, surmise or suspicion." Sommers, 287 N.J. Super. at 10.

"The most common way to prove the harm inflicted by [legal] malpractice is to proceed by way of a 'suit within a suit' in which a plaintiff presents the evidence that would have been

submitted at a trial had no malpractice occurred." Garcia, 179 N.J. at 358. "The 'suit within a suit' approach aims to clarify what would have taken place but for the attorney's malpractice." Ibid. (citing Gautam v. De Luca, 215 N.J. Super. 388, 397 (App. Div. 1987)). "At such a trial, 'plaintiff has the burden of proving by a preponderance of the evidence that (1) he would have recovered a judgment in the action against the main defendant, (2) the amount of that judgment, and (3) the degree of collectability of such judgment.'" Ibid. (quoting Hoppe v. Ranzini, 158 N.J. Super. 158, 165 (App. Div. 1978)).

Accordingly, Serulle must show he would have succeeded in his negligence action against Sosa but for the defendants' negligent handling of his case. To sustain a cause of action for negligence, against Sosa, Serulle had to prove four core elements: (1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4) actual damages. Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008). The burden is on Serulle to establish these "elements by some competent proof[.]" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Overby v. Union Laundry Co., 28 N.J. Super. 100, 104 (App. Div. 1953)).

At the outset, we note Serulle does not argue the motion judge misidentified the applicable law. Therefore, absent Serulle's allegations of negligent repair, Sosa had no affirmative

duty to maintain the sidewalk. Indeed, "[a]n abutting owner is not liable for injuries suffered by a pedestrian on a defective or dilapidated sidewalk even though it constitutes a nuisance, unless the proofs show that that owner or his predecessor in title participated in the creation or continuance of the nuisance." Moskowitz v. Herman, 16 N.J. 223, 225 (1954). "The owner of premises abutting a public sidewalk is not responsible for defects therein caused by the action of the elements or by wear and tear incident to public use, and not caused by his own wrongful act." Ibid.

Instead, in an effort to prove the merits of the underlying action, Serulle offered Goldblatt's expert report and deposition testimony, which opined the improper repairs made were not old, thereby implicating Sosa as the cause for the negligent repair. Indeed, Goldblatt testified "[w]e did make a determination that the rock, it didn't happen within a couple of weeks. It was most likely at least a few months, because again, it wasn't a new Quikrete patch work there." Based on this testimony, Serulle argues

> the active misconduct and negligence of . . .
> Sosa was not merely in the construction of a
> patch using substandard materials, but in
> maintaining a condition that could be deemed
> a nuisance, he was actively taking broken
> pieces of concrete aggregate and periodically

> jigsawing loose pieces of concrete together along his sidewalk.

We disagree. Neither the expert report nor the expert's deposition testimony suggested Sosa participated in either the construction or repair of the sidewalk. Goldblatt testified her report did not attempt to determine the age of the repair work. She also testified she did not make a determination of how long the sidewalk was in the allegedly hazardous state. Moreover, Goldblatt testified "we [Arch Forensics] . . . understand[] that Mr. Sosa did not put that concrete patchwork in." Goldblatt testified the age of the Quikrete repair could be a few months, but also could be less than thirty years old. Sosa had only owned the property for ten years. Therefore, Goldblatt's testimony did not demonstrate the alleged repair was attributable to Sosa.

Thus, even if defendants failed to conduct an investigation beyond Sosa's deposition, Goldblatt's inability to identify the age of the original sidewalk, the age of the repair, and Sosa's role in the making the alleged repair failed to prove the underlying negligence case. The record lacks any other evidence to demonstrate further investigation would have uncovered evidence of Sosa's liability. Therefore, the duty, breach, and proximate causation elements of the underlying negligence case were not established. Without the ability to prove the "case within a

A-1899-16T3

case," Serulle lacked a cause of action for malpractice against defendants, and summary judgment in their favor was appropriate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1899-16T3