MARY DAVIS, RESPONDENT, v. ANNA TALLON ET AL., APPELLANTS.

Submitted December 10, 1917—Decided March 4, 1918.

1. The correction of a verdict upon which a judgment rests is the function of the trial court. An appellate court on writ of error deals only with the legality of the judgment or its evidential support when the question is properly presented. A writ of error does not lie to set aside a verdict because it is alleged to be contrary to law and the weight of the evidence.

2. Where the plaintiff has a verdict and takes a rule to show cause why it should not be set aside as to damages only and, the rule being made absolute, is awarded damages at the second trial, on which he enters judgment, the defendant is not on appeal from this judgment, deprived of the benefit of exceptions taken at the first trial, for he could not appeal until a final judgment was entered, and assessment of damages by the second jury merely completes the record upon which the judgment is founded.

On appeal from the Supreme Court.

For the appellant, *M. Casewell Heine*.

For the respondents, *Weller & Lichtenstein* and *J. Raymond Tiffany*.

The opinion of the court was delivered by

BERGEN, J. This action was brought by the plaintiff against Anna Tallon and others, as owners, and Richard Schreiber, lessee, of a lot of land on Willow avenue, Hoboken, to recover for injuries she suffered by falling and breaking her leg while walking over a sidewalk laid along the front of the lot by the owner, caused by the impaired condition of the flagstones constituting the sidewalk. There was evidence from which a jury might infer that the defendant owners leased the lot to different tenants for storing wagons, the defendant Schreiber being in possession at the time plaintiff was injured; that it was fenced from the street, with a gate-

way to allow wagons ingress and egress to and from the street and lot over the sidewalk; that the owners leased it for such use, and that some one of the tenants in so using it, for a purpose to which it was not adapted, broke the stones and created a condition amounting to a public nuisance.

The plaintiff's case was not rested upon any legal obligation of the owner to keep the sidewalk in repair, but upon the claim that defendants by subjecting the sidewalk to a use not intended, that of use by ordinary pedestrians, they created a nuisance which rendered them liable for injuries to persons lawfully using it. The case was submitted to the jury on this theory, who found for the plaintiff against the owners and awarded her $100, and in favor of the defendant Schreiber. The plaintiff procured a rule to show cause, based upon the insufficiency of the damages, which the Supreme Court made absolute and allowed a *venire de novo* on the question of damages alone, and that question being again submitted to the jury, the plaintiff was awarded a verdict for $600, upon which the judgment was entered from which defendant has appealed.

The only grounds of appeal filed by the defendant are—(*a*) refusal to nonsuit; (*b*) refusal to direct for defendant; (*c*) verdict contrary to the charge of the court; (*d*) verdict contrary to law and weight of the evidence; (*e*) damages excessive. At the close of the case counsel for the owners moved a direction which was denied but no exception was taken to this, and thereupon counsel for Schreiber made the same motion for his client which was also denied, and he took an exception, *vide* page 119 of the record. The three last reasons are not available on error, but are subject to review on a rule to show cause, there being no exception on which to rest an assignment of error, or, under our new Practice act, ground of appeal. The correction of a verdict upon which a judgment rests is the function of the trial court; we only deal with the legality of the judgment or its evidential support when the question is properly presented. A writ of error does not lie to set aside a verdict because it

is alleged to be contrary to law and the weight of the evidence.

The respondent urges that the defendants have lost their right to appeal except on the question of damages, because no appeal was taken before the rule to show cause was allowed and made absolute. We do not see any legal force in this proposition. It does not appear that any judgment was entered on the first verdict; all that this record shows is one judgment, entered after the second verdict, and until that was done there was no judgment to review. The making of a rule to show cause absolute as to damages alone on the application of the plaintiff, does not disturb the rest of the trial record which is completed when the new assessment of damages is made, and the defendant in the proceeding is entitled to the benefit of any legal error in the entire record. He does not waive his right to an appeal because he waits until the plaintiff has entered his judgment. We, therefore, proceed to consider the only question arguable under this record which is refusal to nonsuit, there being no other exception to any action by the trial court. The ground stated, page 93 of the record, is: "That there is no evidence in the case connecting them [defendants] with this accident; and on the further ground that there is no evidence that the broken condition of this sidewalk was the cause of this woman's accident."

These are the only grounds offered in support of the motion appearing in the bill of exceptions, and are therefore all we can consider. *Trade Insurance Co.* v. *Barracliff,* 45 *N. J. L.* 543.

Neither of the reasons given are sound. The jury might infer from the evidence that the appellants leased the land and sidewalk for a use not consistent with the purpose for which the walk was constructed; that they had knowledge of the character of the proposed use, and that such use might, and probably would, create a nuisance by obstructing the safe use thereof by pedestrians. These inferences would justify a finding that the condition of the sidewalk, the cause of the accident, was the result of participation "in the creation of

the nuisance, either by authorizing it or by making the act of the tenant his own." *Freeholders of Hudson* v. *Woodcliff Land Co.,* 74 N. J. L. 355. As to the other reason, viz., that there was no proof that the broken sidewalk was the cause of the accident, it is enough to say that the plaintiff testified that her foot was caught between the broken stones of the sidewalk which caused her to fall over and thus break her leg. The motion to nonsuit was properly refused.

Appellant argues that the finding of the jury in favor of the tenant, Schreiber, negatives any negligence on the part of the owners, because the only proof of impairment of the sidewalk was the result of his negligence, and therefore when the jury found in his favor they determined that no nuisance was created by him in which the lessors, as owners, participated. The sufficient answer to this is that the condition upon which the argument is based did not exist when the motion to nonsuit was made, but, in addition to this, there was testimony from which the jury might have inferred that the lot had been leased to prior tenants for the same purposes, subject to the same use of the sidewalk and that the impairment of it was caused by prior tenants. With the broken condition of the flagstones existing, subject to the inference that the condition was caused by using the sidewalk for the passage of heavy carts from the street to the lot by prior tenants with the knowledge and implied participation therein by the owners, and the testimony of the defendant Schreiber that the flagstones were not broken by him, the jury might infer that the nuisance was created by the act of former tenants and not by Schreiber, but his exoneration would not discharge the owners from liability for the acts of their other tenants in which they participated. Three causes of action are set out in the complaint, first, that the owners negligently used the sidewalk so that it became dangerous, by which neglect the plaintiff was injured, and second, that the owners, for their own convenience and that of their lessees, created and maintained this dangerous condition. On one or the other of these causes the jury found, as they properly might, against the owners. The third cause of action set

up in the complaint was the negligent use by Schreiber, and on this the jury found in his favor. This finding does not destroy the evidence of the liability of the owners for the result of a use by prior tenants in which they participated.

No error appearing in this record, the judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, KALISCH, WHITE, WILLIAMS, TAYLOR, JJ. 9.

*For reversal*—HEPPENHEIMER, GARDNER, JJ. 2.