LAURA FORD AND J. ALFRED FORD, PLAINTIFFS-APPEL-LANTS, v. JERSEY CENTRAL POWER AND LIGHT COM-PANY, A CORPORATION; NEW JERSEY BELL TELE-PHONE COMPANY, A CORPORATION, AND FREDERICK W. GREGER, DEFENDANTS-RESPONDENTS.

Argued February 15, 1933—Decided May 24, 1933.

For the plaintiffs-appellants, *Milton M. Unger* (*Leonard J. Emmerglick*).

For the Jersey Central Power & Light Company, *Walter L. McDermott* (*Henry D. Brinley*).

For the New Jersey Bell Telephone Company, *Smith & Slingerland*.

For Frederick W. Greger, *Coult, Satz & Tomlinson* (*De Voe Tomlinson*).

The opinion of the court was delivered by

BODINE, J. The plaintiff sought to recover damages for injuries sustained in a fall due to an alleged declivity in the gravel adjoining a concrete sidewalk in front of the defendant Greger's premises in Seaside Park. It appears that some years before a pole carrying electric light wires had leaned dangerously and had been removed at Greger's request. Assuming that the proofs do show that it was removed by the Jersey Central Power and Light Company, there is nothing to indicate that any act of its was the proximate cause of the injury. The removal was lawful and the proofs do not indicate that the work was improperly done. At the time of the accident, some three years after the removal, there was a declivity in the gravel adjoining the sidewalk and a slight break in the cemented portion of the sidewalk. The witnesses called differ in their description of the circumference and depth of the place where the accident occurred. Assuming, however, that the declivity was where the pole had stood, there is nothing to show when the declivity occurred, or that it was due to the failure to properly fill the place where the pole had stood. No witness was called to describe the condition of the place immediately after the completion of the removal or what the condition had been during the intervening years.

The landowner is liable for faulty construction of a sidewalk, but not for disrepair due to the wear and tear by the elements. *Glass* v. *American Stores Co.,* 110 *N. J. L.* 152. As to the landowner, the evidence discloses nothing more than disrepair due to wear and tear. No evidence was adduced indicative that the New Jersey Bell Telephone Company was in any way responsible for that which occurred. As to the Jersey Central Power and Light Company, the proofs fall short of indicating that any act performed by it was the proximate cause of the injuries sustained. As a basis for liability for the creation and maintenance of a nuisance, the proofs must demonstrate the fact. This they did not and the nonsuit was proper.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, KAYS, DEAR, WELLS, JJ.  8.

*For reversal*—CHIEF JUSTICE, DONGES, HEHER, VAN BUSKIRK, JJ.  4.