DOROTHY PRANGE ET AL., PLAINTIFFS-RESPONDENTS, v. HUGH F. McLAUGHLIN, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided May 17, 1935.

For the defendant-appellant, *John J. Fallon.*

For the plaintiffs-respondents, *David M. Klausner.*

The opinion of the court was delivered by

DONGES, J. This appeal brings up judgments of the Hudson County Circuit Court in favor of the plaintiffs-respondents in a suit to recover for injuries received by the plaintiff wife and consequential damages of the husband.

The facts are that, on January 28th, 1932, the female plaintiff was walking along the sidewalk in front of 64 Glenwood avenue, Jersey City, an apartment house owned by the defendant-appellant, and stepped into a hole caused by a break in the cement sidewalk, was thrown into the gutter, and her ankle fractured.

The grounds of appeal are that it was error to refuse the motion to nonsuit and the motion to direct a verdict for the defendant, to which refusals exceptions were taken.

The appellant became the owner of the property in 1925. He had been living in the property, occupying a second-story front apartment, for about two years prior to the accident.

A son of the appellant testified: "This condition came about by the running over this particular spot and the entire sidewalk, up into the driveway, by coal trucks and occasionally a moving van backing up on the sidewalk."

He further testified, as to the coal trucks: "Well, they just backed along the sidewalk and got as close as possible to the entrance of the apartment, and from there, they were unloaded by carrying bags of coal into the coal chute which was in front of the house." He testified that during the winter of 1930 he saw four or five trucks back on the sidewalk and in the winter of 1931 at least six or seven. There was no testimony as to the number of moving vans that backed over the curb onto the sidewalk.

He further said that the sidewalk was not broken when his father, the appellant, came into possession of the property, and that he observed, at various times, from his father's apartment, the sidewalk breaking and chipping away at the point where the plaintiff fell, when the coal trucks backed over the curb and put the right rear wheel on the sidewalk, leaving the left rear wheel in the gutter.

This witness, Hugh F. McLaughlin, Jr., also testified that his father was in ill health, that another son of defendant was his agent in charge of this property as well as the other business affairs of the defendant, and that he, the witness, had told his brother of the condition of the sidewalk.

On behalf of the defendant it was testified by a cement man that it looked to him as if the elements had caused the cracking up and breaking away of the cement pavement.

If this testimony has any probative value, a question of fact as to the cause of the defective condition of the pavement was created.

It is urged on behalf of the appellant that there is no evidence of a nuisance created by the appellant; that if the pavement was broken and the condition created by the use of the sidewalk by coal trucks and moving vans, it was the act of independent contractors, and, under a line of cases, the owner would not be liable for the negligence of such independent contractors.

The amended complaint alleged a use by defendant of the

sidewalk for which it was not intended and which was not the usual and proper use thereof, in that motor ·trucks passed from the roadway on and across the sidewalk, thereby breaking same and causing the hole into which plaintiff stepped, and that such hole was a public nuisance.

The principles of law applicable to the obligation of abutting owners on city streets to keep the sidewalk in a safe condition for pedestrians are well settled. The abutting owner is not bound to keep the sidewalk in repair, unless by virtue of the requirements of statute, and is not responsible to travelers for defects therein not caused by himself. *Braelow* v. *Klein,* 100 *N. J. L.* 156; *Savarese* v. *Fleckenstein,* 111 *Id.* 574; *affirmed,* 114 *Id.* 275.

But to this rule there is an exception, namely, that he is liable for injuries therefrom when the condition of the sidewalk is the result of participation by the abutting owner in the creation of such defect by a use thereof for which it is not designed, either by authorizing it or by making the act or acts creating such defect his own. *Freeholders of Hudson* v. *Woodcliff Land Co.,* 74 *N. J. L.* 355.

In the instant case, it was open to the jury to find from the evidence that the defendant permitted, for a period of at least two years, the driving of motor trucks for the delivery of coal and of moving vans over the sidewalk, with the knowledge, either actual or implied, because others observed it, that such was breaking the sidewalk and rendering it unsafe for the proper use thereof by travelers. This repeated improper use of· the sidewalk, with the knowledge and for the benefit of the owner, amounted to participation by him in the creation of a nuisance, and imposed upon him the duty of seeing to it that a condition dangerous to pedestrians in the proper use of the sidewalk was not continued.

In *Davis* v. *Tallon,* 91 *N. J. L.* 618, this court, speaking through Mr. Justice Bergen, in a case of injury to a pedestrian from a defective sidewalk caused by driving motor vehicles over the sidewalk, which was not designed for such use, and where the owner sought to escape liability on the ground that the act of a tenant produced the defective condition, said:

"The jury might infer from the evidence that the appellants leased the land and sidewalk for a use not consistent with the purpose for which the walk was constructed; that they had knowledge of the character of the proposed use, and that such use might, and probably would, create a nuisance by obstructing the safe use thereof by pedestrians. These inferences would justify a finding that the condition of the sidewalk, the cause of the accident, was the result of participation 'in the creation of the nuisance, either by authorizing it or by making the act of the tenant his own.'" Citing *Freeholders of Hudson* v. *Woodcliff Land Co., supra.*

In that case it was further said:

"Three causes of action are set out in the complaint, first, that the owners negligently used the sidewalk so that it became dangerous, by which neglect the plaintiff was injured, and second, that the owners, for their own convenience and that of their lessees, created and maintained this dangerous condition. On one or the other of these causes the jury found, as they properly might, against the owners."

To the same effect is *Zak* v. *Craig* (*Supreme Court*), 5 *N. J. Mis. R.* 275.

In the instant case, as might be found from the testimony, the defendant permitted and apparently prompted the use of the sidewalk in a manner not contemplated when it was constructed; he either knew or ought to have known that by such continued use and continuing breaking of the sidewalk by such use, for his benefit and by his participation, a condition dangerous to the use of such walk by travelers was being created and maintained. There was, therefore, a question presented for the determination of a jury and the motions to nonsuit and to direct a verdict for defendant were properly denied.

The judgments are affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, JJ. 8.

*For reversal*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, KAYS, WELLS, JJ. 7.