MARINDA VOLKE AND FRED VOLKE, PLAINTIFFS-APPEL-
LANTS, v. EMMA H. OTWAY, EXECUTRIX OF THE
ESTATE OF HORATIO H. OTWAY, DECEASED, AND
FRANK A. JAEGER, DEFENDANTS-RESPONDENTS.

Submitted May 31, 1935—Decided October 9, 1935.

For the appellants, *Wallace P. Berkowitz* (*Alfred Brenner,* of counsel).

For the respondents, *Nicholas J. Cafarelli* (*John Milton,* of counsel).

The opinion of the court was delivered by

HETFIELD, J. The appellants, husband and wife, insti-
tuted suit in the Hudson County Circuit Court, to recover
damages from the owner and tenant of premises situated at
No. 915 Bergenline avenue, Union City, by reason of per-
sonal injuries sustained by the wife, who, it is alleged, on the
24th day of December, 1927, caught her foot in a depression
in the sidewalk adjacent to said premises, causing her to trip
and fall.

The trial resulted in a nonsuit as to both defendants, which
is alleged as error, and the sole ground of appeal.

The original complaint charged that the defendants were
negligent in that they permitted the iron doors covering
the stairway leading to the cellar of said building to fall back

upon the concrete sidewalk whenever they were opened, which caused the sidewalk to become broken and damaged to such an extent as to cause a dangerous and defective condition. This charge of negligence was subsequently abandoned by the plaintiffs, and the complaint was amended so as to allege that the dangerous and defective condition of said sidewalk constituted a nuisance, and was caused by reason of subjecting same to extraordinary use, by permitting motor-driven and horse-drawn trucks to drive upon the sidewalk, and that heavy boxes, barrels and articles of merchandise were thrown thereon from said trucks.

The proofs presented at the conclusion of the plaintiff's case show that the hole or depression which caused the plaintiff to trip was located about a foot from the cellar door, between said door and the curb, and that this particular defect in the sidewalk was observed by one of the witnesses in 1918, but there is nothing to indicate how long it had existed prior to that time. There was also testimony to indicate that on several occasions subsequent to 1921, trucks, while unloading merchandise in front of the property involved, would have two wheels on the curb, in order to allow trolleys to pass; that heavy barrels and boxes were removed from the trucks, either by using a pair of skids, or dropping same upon the sidewalk, and then taken to the cellar of the building, and that the sidewalk had been in poor condition and the curb broken for several years prior to the accident in question. There was no testimony, however, to show in what manner merchandise, if any, was delivered during the year 1918 or prior thereto, nor any proof as to what created the depression, which it is alleged caused the plaintiff to trip and fall.

The theory upon which liability was claimed was the maintenance of a nuisance on the public highway, the creation of which was participated in by the defendants, in subjecting the sidewalk to a use for which it was not intended when constructed; and it is argued that the proofs supported this contention because the defective condition of the sidewalk was caused by permitting the merchandise to be delivered in the manner indicated, and that as the goods were transferred to the cellar of the building, they must have been for the use

and benefit of the tenant. The record shows that the tenant, who conducted a bakery business on the premises, entered into a lease with the landlord on October 1st, 1924, for a term of six years, which commenced on the first day of May, 1924, whereby the premises rented consisted of the store floor, together with the floor above the store and the rear portion of the cellar, so the mere fact that goods were delivered and placed in the cellar would not justify the inference that the merchandise delivered by the trucks was intended for the defendant, as there was no evidence to indicate by whom or for what purpose the remaining portion of the cellar was used. There is nothing in the record, with one exception, to indicate the character of the merchandise delivered. One Davis, a witness, testified that during a period of five years prior to 1927 he had noticed trucks standing in front of defendant's store, with two wheels on the curb, unloading flour, which it is contended, justifies the inference that it was intended for the bakery, but he further stated that the flour was contained in bags and not barrels. Another witness testified that on one occasion in 1926 he observed a truck, bearing the name "Jaburg Bakery Supply," standing in front of the store, two wheels of which were on the sidewalk.

The trial court, when passing on the motion to nonsuit, was bound to accept as an undisputed fact, with no proof as to its cause, that the depression in the sidewalk which caused the plaintiff's injury existed in 1918. The mere happening of an accident, and the fact that a sidewalk has been in a defective and dilapidated condition for several years, to an extent that it constitutes a nuisance, does not in itself render an abutting owner liable to the injured party. The burden is on the plaintiff to show that the owner or his predecessor in title participated in the creation of the nuisance. It is entirely settled in this state, that the owner owes no duty to maintain the sidewalk in front of his premises, and is not responsible for any defects therein which are not caused by his own wrongful act. *Braelow* v. *Klein,* 100 *N. J. L.* 156; *Ford* v. *Jersey Central Power, &c., Co.,* 111 *Id.* 112, and *Savarese* v. *Fickenstein,* 111 *Id.* 574; *affirmed,* 114 *Id.* 275. The record shows that the tenant did not occupy the premises

until 1924, and the testimony is barren of any proof to the effect that the condition complained of was caused by any act of the owner or the tenant.

The appellants rely upon and cite the cases of *Zak* v. *Craig*, 136 *Atl. Rep.* 410, and *Davis* v. *Talon*, 91 *N. J. L.* 618, which we do not think are applicable to the present situation. Both decisions held that there was sufficient proof from which the jury might infer that the landlord leased the land and sidewalk for a use not consistent with the purpose for which it was constructed, which is not the fact in the case now under consideration, nor is it so contended by the appellants. In the case of *Prange* v. *McLaughlin*, 115 *Id.* 116, there was testimony to show that the condition complained of was caused by coal trucks and moving vans backing up on the sidewalk; that the sidewalk was not broken when the owner came into possession of the property; that the owner occupied part of the premises; and that the owner's son had on different occasions seen the trucks driven on the sidewalk, and had communicated this fact, as well as the condition of the sidewalk, to a brother who was the agent in charge of the property for his father. This court held that the repeated improper use of the sidewalk, with the knowledge and for the benefit of the owner, amounted to participation by him in the creation of a nuisance, and that the jury could have found that the defendant permitted, and apparently prompted, the use of the sidewalk in a manner not contemplated when it was constructed. There is no evidence in the present case to support a verdict on such a theory.

We conclude that the trial court's action with respect to the nonsuit was proper, and the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—THE CHIEF JUSTICE, DONGES, PERSKIE, JJ. 3.