ROSE SCHWARTZ AND HARRY SCHWARTZ, PLAINTIFFS-APPELLANTS, v. HOWARD SAVINGS INSTITUTION, A CORPORATION, DEFENDANT-RESPONDENT.

Argued June 1, 1936—Decided October 2, 1936.

For the plaintiffs-appellants, *Cohen & Klein.*

For the defendant-respondent, *Coult, Satz & Tomlinson.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment entered in the Essex County Circuit Court, based upon a verdict directed by the court in favor of the defendant, Howard Savings Institution, hereinafter call the Howard Company, and against the plaintiffs, Rose Schwartz and Harry Schwartz, her husband.

On May 23d, 1934, the plaintiff Rose Schwartz sustained certain injuries as the result of a fall upon a flagstone sidewalk laid in front of and on the premises known as 337 Hawthorne avenue, Newark, which premises were then owned by the Howard Company. The fall was caused by the plaintiff Rose Schwartz tripping at a point where one flagstone had sunk so as to be two or two and one-half inches lower than the rest of the pavement.

The action involved in this appeal was brought to recover damages for the injuries sustained by the plaintiff Rose Schwartz and consequential damages sustained by her husband, Harry Schwartz.

The complaint alleged the defendant to be negligent by reason of maintaining a nuisance created by its predecessors in title having negligently constructed and repaired the said sidewalk.

At the trial, testimony was introduced by the plaintiffs to show that the sidewalk in question was originally laid in October, 1922, at the instance of Neils Jensen, the then owner of the property. Underneath the position of the sunken flagstone, above mentioned, there had been previously dug a trench for the placing of gas service pipes, which trench had been twice filled in to adjust the natural subsidence of the earth and the washing away by rain. It was shown that the flagstones were laid directly upon the earth, graded for that purpose so as to produce a level sidewalk. Between the house and sidewalk was a steep terrace of about three feet in height.

Some four weeks after the sidewalk was laid, and following a rain storm, this certain flagstone sank several inches. Louis Garelick, tenant and employe of Jensen, raised the stone and leveled it by the insertion of wooden blocks. Following another rain, several weeks later, the stone sank once more, and was this time leveled with small stones and rocks.

One Lena Scher, whose husband was owner of the property at 337 Hawthorne avenue from May 21st, 1924, until March 4th, 1933, testified that at various times during this period dirt and stones had been placed under the same flagstone to make it level, but that it had later sunk. She also stated that in rainy weather the water would drain from the terrace over and under the flagstone pavement, washing dirt into the street.

The fact of the uneven character of the sidewalk at this place was corroborated by numerous witnesses residing in the neighborhood of the premises in question. Expert testimony as to the construction of this sidewalk was offered by the plaintiff, in the form of hypothetical questions submitted to witnesses, but was excluded upon objection.

No testimony was offered in behalf of the defendant, and upon motion, the directed verdict was granted, from which this appeal is taken.

The plaintiffs allege forty-nine grounds of appeal, and those argued may be grouped into three general allegations of error—(1) the direction of a verdict for the defendant, (2) exclusion of testimony offered to show similar accidents at the same place, (3) the refusal of the trial court to allow certain hypothetical questions to be answered by way of expert testimony or opinion evidence relating to the manner of construction and repair of the sidewalk.

The duties and liabilities of abutting land owners as to sidewalks have been clearly defined by the courts of this state. An owner is not responsible for defects in the sidewalk caused by the wear and tear of the elements or public use, and not caused by his own wrongful act. *McKeown* v. *King*, 99 *N. J. L.* 251; *Braelow* v. *Klein*, 100 *Id.* 156; *Ford* v. *Jersey Central Power, &c., Co.*, 111 *Id.* 112; *Volke* v. *Otway*, 115 *Id.* 553. An owner is responsible for defects in the side-

walk caused by his affirmative wrong doing or negligent use of such sidewalk for other than its intended purpose. *Davis* v. *Tallon,* 91 *Id.* 618; *Prange* v. *McLaughlin,* 115 *Id.* 116. An owner is also liable for defects in the sidewalk in the nature of a nuisance created by the wrongful or negligent act of a predecessor in title, the nuisance being considered as adopted by the taking of a deed with such defect existent. *Braelow* v. *Klein, supra; Savarese* v. *Fleckenstein,* 111 *Id.* 574; *affirmed,* 114 *Id.* 275.

It is upon this last classification of duty and liability that this present action is based. No point is made nor evidence offered to prove that the Howard Company wrongfully caused the defect of which complaint is made. It is alleged that the sidewalk in question was negligently constructed in the first instance by a predecessor in title; that the sidewalk was negligently repaired by a later predecessor in title; and that the defendant adopted and assumed responsibility for a continuing nuisance created by these negligent acts.

The very theory of this action, therefore, answers in part the second general allegation of error stated above. Evidence of previous similar accidents having occurred at the same place is admissible to show that a certain condition has existed over such a period of time as to give the responsible person notice thereof, but it is not admissible to prove the dangerous character of such a condition. *Crouse* v. *Stacy-Trent Co.,* 110 *N. J. L.* 124; *Leech* v. *Hudson and Manhattan Railroad Co.,* 113 *Id.* 366. Under the theory of adoption of a nuisance the fact of notice is immaterial, and this is coupled here with the admission of the defendant at the trial of knowledge and notice of whatever condition existed as to the sidewalk when title was taken. Since the proffered evidence could only go to the question of notice, the exclusion of this testimony was not harmful and not reversible error.

We are also of the opinion that the expert or opinion evidence was properly excluded. The flagstone sidewalk in question had been under constant public use for over eleven years, and during that period of time, had been subjected to the effects of rain waters both falling directly and draining from the terrace. Neither of these elements was offered for

the consideration of the experts whose opinions were sought and rejected. Testimony of a qualified expert, not having personal knowledge of the facts, is proper if elicited by a hypothetical question, predicated upon the facts "in accordance with the plaintiff's theory of the case and which the evidence tended to prove." *Molnar* v. *Hildebrecht Ice Cream Co.*, 110 *N. J. L.* 246. Conversely, when expert testimony, as offered here, would be based upon a hypothesis which excludes factors present in the evidence and patently vital to the formation of an opinion, it is properly excluded from the case.

The remaining general allegation of error relates to the direction of a verdict for the defendant by the trial court. The burden of proof assumed by the plaintiffs here has been stated by this court in the case of Volke *v.* Otway, cited above: "The mere happening of an accident, and the fact that a sidewalk has been in a defective and dilapidated condition for several years, to an extent that it constitutes a nuisance, does not in itself render an abutting owner liable to the injured party. The burden is on the plaintiff to show that the owner or his predecessors in title participated in the creation of the nuisance."

The evidence clearly shows that the sidewalk, as originally laid, was level and proper for use. Some weeks later, following a rain storm, a sinking of the flagstone occurred at the place of the accident here involved. This condition was corrected at various times and with various means by predecessors in title to the defendant. At each time the sidewalk was returned to its level state. The defect which caused injury to the plaintiff Rose Schwartz was one which existed despite the acts of these prior owners, and not because of them.

It cannot be said that the use of flagstone for the construction of a sidewalk is *per se* negligence. This particular pavement having been shown to be level both when constructed and when later repaired, the law will not punish this defendant because his predecessors in title did not achieve perfection or use the best possible means of sidewalk construction.

Plaintiffs rely in their argument upon the cases of *Braelow* v. *Klein, supra,* and *Reinaur* v. *Hackensack Water Co.,* 92 *N. J. L.* 8.

The Braelow case involves injuries received from a fall upon a sidewalk which had from the beginning been so constructed on the defendant's property as to be three inches higher than the sidewalks on the adjoining premises. Defendant was held responsible for allowing this condition to continue. In the instant case the sidewalk was originally level and proper for use of the public.

In the Reinaur case, the defendant water company had, with the consent of the public authorities, torn up a public highway for the purpose of laying water mains. The court held that it was incumbent upon the defendant to use due care and means for the permanent restoration of the highway to its former safe condition. In the instant case, every act of the predecessors in title to the Howard Company was directed toward the improvement, not disrepair, of the public thoroughfare.

For the reasons above stated, the judgment of the court below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.