FRANK L. OVERMAN, PLAINTIFF-APPELLEE, v. THE TRUST COMPANY OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 7, 1940—Decided March 11, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the appellant, *Edwards, Smith & Dawson* (*Raymond Dawson,* of counsel).

For the appellee, *Archie Elkins.*

The opinion of the court was delivered by

PERSKIE, J. This is a sidewalk case. Defendant appeals from a judgment, based upon a jury verdict of $600, in favor of plaintiff.

The single question argued and requiring decision on the facts of this case is whether the trial judge erred, as it is claimed he did, in denying defendant's motions to nonsuit and to direct a verdict in its favor.

Plaintiff was a tenant for about eight years in defendant's apartment house at 18-20 Enos Place, Jersey City, New Jersey. About eleven o'clock on the night of June 12th, 1938, he drove his car to the front of the apartment house. As he stepped onto the sidewalk fronting the apartment house, he fell because of a hole in the sidewalk at or near the curb. He sustained injuries and resultant damages for the recovery of which he instituted this suit.

The complaint consists of two counts. In substance, the first count charged that defendant was guilty of actionable negligence in that it failed to keep the sidewalk in a "flat

and level manner," in conformity with other sidewalks on the same street so that pedestrians might safely pass thereon, and that defendant failed to "apprize" pedestrians using the sidewalk of its "unsafe and perilous condition." The second count, charged defendant with the "wrongful and unlawful construction and maintenance" of the sidewalk so that it became dangerous and unsafe for the users thereof. In a word, it charged that the sidewalk, as maintained, constituted a "menace and a nuisance."

Defendant's answer denied liability. Additionally, it set up the affirmative defenses, to both counts, of contributory negligence and assumption of risk.

In light, however, of the proofs adduced, liability, if any, on the part of the defendant here can be sustained only if those proofs and the proper inferences to be deduced therefrom can fairly and reasonably be held to support the conclusion that defendant knowingly permitted an "improper use" to be made of the sidewalk. Was such use for the "benefit" of defendant? Were both the use and the benefit tantamount to a "participation" by defendant in the creation and maintenance of the nuisance as charged so that it breached its duty to see to it that a condition dangerous to pedestrians in the proper use of the sidewalk was not continued? *Prange* v. *McLaughlin,* 115 *N. J. L.* 116, 118, 119; 178 *Atl. Rep.* 782.

The proof in answer to the posed questions and dispositive of defendant's motions cannot be rested on the "mere scintilla" of evidence rule. That rule does not obtain in our state. *Pellington* v. *Erie Railroad Co.,* 115 *N. J. L.* 589; 181 *Atl. Rep.* 39; *Schmid* v. *Haines,* 115 *N. J. L.* 271; 178 *Atl. Rep.* 801; *Sivak* v. *New Brunswick,* 122 *N. J. L.* 197, 199, 200; 3 *Atl. Rep.* (2d) 566; *Wright* v. *Central Railroad Company of New Jersey,* 124 *N. J. L.* 113, 115; 11 *Atl. Rep.* (2d) 20. Rather must the proofs, in so far as they relate to the motion to nonsuit, be rested on the principle that the jury could, on any fair and reasonable view of the proofs, rejecting all proof and proper inferences flowing therefrom unfavorable to plaintiff, find that plaintiff had established the necessary facts to support his cause of action as

alleged. Otherwise stated, was there any evidence to sustain the pleaded action? Was there such evidence that fair and reasonable men would be justified in concluding that the burden of proof had been established by plaintiff? *Sivak* v. *New Brunswick, supra* (at *p.* 199). And the proofs, in so far as they relate to the motion to direct a verdict, must rest on the principle that all proofs and proper inferences deducible therefrom which support the claim of the party against whom the motion is made must be accepted as true. And where fair minded men might honestly differ as to the conclusions to be drawn from facts, controverted or uncontroverted, the question or questions at issue should be submitted to the jury. *Cf. Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374.

Bearing in mind these deeply rooted principles, we have carefully studied the proofs adduced and the proper inferences deducible therefrom. True, there is some proof that coal trucks, moving vans and beer trucks were at times, in most instances not definitely fixed, backed over the sidewalk in question and that kegs of beer for delivery to the hotel next door to defendant's apartment house were dropped on the sidewalk. It is, however, equally true that there is no proof that those vehicles caused the hole in question. But assuming that the jury would be justified in deducing the inference, on the proved facts as stated, that the vehicles did cause the hole in the sidewalk, the plaintiff was nonetheless obliged to supply proof in support of the affirmative answers to the posed questions. *Prange* v. *McLaughlin, supra.* We find no such proofs.

Notwithstanding the fact that the trial judge very properly and fairly permitted counsel for plaintiff to reopen his case so that he might supply additional proofs in support of the pleaded action, there is no proof whatever that defendant had any knowledge, express or implied, of the alleged improper use made of the sidewalk; nor that the use made of the sidewalk was for the benefit of the defendant; nor that defendant in anywise participated in the asserted improper use of the sidewalk; nor was there any proper proof that defendant constructed or maintained the sidewalk in such manner as to

fix liability upon it under either count of the complaint. Under these circumstances, the trial judge erred in denying defendant's motions. *Lindner* v. *Michel,* 125 *N. J. L.* 409, 411; 16 *Atl. Rep.* (2*d*) 340.

Accordingly, the judgment is reversed; a *venire de novo* is awarded; costs are to abide the event.