Plaintiff, Teresa Giuliana, appeals from a judgment of dismissal by the Superior Court, Law Division, of her action for damages against defendant, resulting from injuries suffered when she fell in walking over a sidewalk fronting defendant's property.
Plaintiff alleged in her complaint that defendant "carelessly, negligently, illegally, and improperly kept said sidewalk so that the same became defective, out of repair, decrepit, dangerous and broken," and further that said "dangerous condition constituting same a nuisance both public and private." At the end of the plaintiff's case the court granted the defendant's motion for a dismissal of her cause of action on the ground that the allegations in the complaint had not been sustained by plaintiff's proofs.
In urging a reversal of the judgment of dismissal, plaintiff advances only one ground of appeal, viz.: that the trial court erred "in view of the testimony and legal inferences to be drawn therefrom." Defendant contends that plaintiff failed to produce proof that the sidewalk on which she fell was in a defective condition at the time of the accident; that the defendant knew or should have known of the alleged defect in the sidewalk or that defendant had any reasonable opportunity to remedy the same; further, that plaintiff did not produce any proof to establish that the defendant either created or participated in the alleged defective construction of the sidewalk, or made use of the sidewalk in a manner not contemplated when constructed.
Our review of the record convinces us that plaintiff failed to assume and discharge her legal duty to establish by the proofs aprima facie case against the defendant and at the end of her case, conceding all of the reasonable inferences *Page 78 
and implications justifiably flowing therefrom, her proofs fell short of establishing liability against the defendant which would have justified the court in directing defendant to go forward with his case. See Halloway v. Goldenberg, 4 N.J. Super. 488
(App. Div. 1949).
Plaintiff contends that the sidewalk was used by automobiles to gain entrance to adjoining garages, thereby causing the alleged disrepair of the sidewalk and that such use was a purpose not contemplated when the sidewalk was constructed. Unfortunately for plaintiff, she failed to support this contention by the necessary proofs. We think the answer to this argument is succinctly stated in Overman v. The Trust Co. of N.J., 126 N.J.L. 86 (Sup.Ct. 1941), wherein the court declared at pp. 88 and 89:
"In light, however, of the proofs adduced, liability, if any, on the part of the defendant here can be sustained only if those proofs and the proper inferences to be deduced therefrom can fairly and reasonably be held to support the conclusion that defendant knowingly permitted an `improper use' to be made of the sidewalk. Was such use for the `benefit' of defendant? Were both the use and the benefit tantamount to a `participation' by defendant in the creation and maintenance of the nuisance * * *? * * *
"The proof in answer to the posed questions and dispositive of defendant's motions cannot be rested on the `mere scintilla' of evidence rule. That rule does not obtain in our state. * * * Was there such evidence that fair and reasonable men would be justified in concluding that the burden of proof had been established by plaintiff? * * *
"* * * It is, however, equally true that there is no proof that those vehicles caused the hole in question. But assuming that the jury would be justified in deducing the inference, on the proved facts as stated, that the vehicles did cause the hole in the sidewalk, the plaintiff was nonetheless obliged to supply proof in support of the affirmative answers to the posed questions.Prange v. McLaughlin, supra. [115 N.J.L. 116.] We find no such proofs."
The judgment of the Superior Court is affirmed. *Page 79