14 N.J. Super. 71 (1951)
81 A.2d 389
SILAS J. COLL, PLAINTIFF-APPELLANT,
v.
MARIAN BERNSTEIN, DEFENDANT-RESPONDENT, AND HARRY BERNSTEIN, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1951.
Decided May 24, 1951.
*73 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Hyman W. Rosenthal argued the cause for appellant (Messrs. Marcus & Levy, attorneys; Mr. Harry Chashin, of counsel).
Mr. Samuel Doan argued the cause for respondent (Mr. Charles C. Stalter, attorney).
The opinion of the court was delivered by JAYNE, J.A.D.
The law does not confer upon every pedestrian who is caused to trip and fall over some defective condition on the surface of a public sidewalk a cause of action against the owner of the abutting premises for the recovery of damages for the injurious consequences of the mishap. The liability of such owner is circumscribed by principles which have become firmly established in our jurisprudence.
Fundamentally it is the rule of law that an owner is not responsible for defects in the sidewalk caused by the *74 wear and tear of the elements or by the public usage. Rupp v. Burgess, 70 N.J.L. 7 (Sup. Ct. 1903); Ford v. Jersey Central Power, &c., Co., 111 N.J.L. 112 (E. & A. 1933); Schwartz v. Howard Savings Institution, 117 N.J.L. 180 (E. & A. 1936); Lindemann v. F.W. Woolworth Co., 123 N.J.L. 208 (E. & A. 1939); Snidman v. Dorfman, 7 N.J. Super. 207 (App. Div. 1950).
The abutting owner is under no obligation to maintain the sidewalk in front of his property in repair unless in obedience to the requirements of a municipal ordinance, and the liability in the latter instance is the penalty imposed by the ordinance, and the failure to comply with the provisions of the ordinance does not give rise to a cause of action in favor of one who is injured by a defect due to wear and tear. Zemetra v. Fenchel Realty Co., Inc., 134 N.J.L. 358 (Sup. Ct. 1946), affirmed 135 N.J.L. 205 (E. & A. 1947); Fischer v. Salomone, 136 N.J.L. 431 (Sup. Ct. 1948).
The mere occurrence of an accident, and the fact that a sidewalk has been in a defective and dilapidated condition for several years, to an extent that it may be said to constitute a nuisance, do not of themselves render an abutting owner liable to the injured party. Volke v. Otway, 115 N.J.L. 553 (E. & A. 1935).
Liability descends upon the owner only where there is proof that as the owner of the adjoining premises he has been guilty of some wrongful act or failure or omission of duty.
It is not difficult for purposes of illustration to envision a case in which the owner's construction of a sidewalk was in its inception a nuisance which does not cease to be such after it passes under the control of subsequent owners, and contrast it with a case in which the wear and tear of the elements and public use have impaired and rendered dangerous a walk that was originally safe and innocuous.
The imaginative cases serve to illustrate the distinction between a nuisance wrongfully created or maintained and a pavement merely out of repair.
*75 Within the expansion of the principle are those cases in which the owner indirectly participates in the creation or maintenance of a nuisance. The basic rationalism underlying this class of cases finds expression in the decision in Freeholders of Hudson v. Woodcliff Land Co., 74 N.J.L. 355 (Sup. Ct. 1907).
Such cases arise where it is disclosed by the evidence that the owner let the land and sidewalk for a use not consistent with the purpose for which the walk was constructed, that the owner had knowledge of the inconsistent and improper use of the walk and of the dangerous condition resulting therefrom and nevertheless for his benefit permitted and acquiesced in the continuance of such use. Davis v. Tallon, 91 N.J.L. 618 (E. & A. 1918); Zak v. Craig, 5 N.J. Misc. R. 275 (Sup. Ct. 1927); Prange v. McLaughlin, 115 N.J.L. 116 (E. & A. 1935); Overman v. Trust Co. of N.J., 126 N.J.L. 86 (Sup. Ct. 1941); Giuliana v. Ginnelly, 6 N.J. Super. 76 (App. Div. 1949).
The predominant question presented for consideration in the present appeal is whether the evidence introduced in behalf of the plaintiff together with all of the favorable inferences logically and legitimately to be drawn therefrom adequately organized a cause of action of the last-mentioned classification. The trial judge thought not and authorized the entry of a judgment of involuntary dismissal of the alleged cause of action against the defendant Marian Bernstein, which is the subject of the present appeal. The plaintiff submitted to a voluntary dismissal of the action against the defendant Harry Bernstein. We therefore direct our attention to the scope and probative content of the evidence.
At about 12:30 a.m. on the morning of September 4, 1948, the plaintiff was walking westerly along the sidewalk on the northerly side of Ellison Street in the City of Paterson and in front of premises designated as Nos. 199-203 when his foot struck against a raised portion of the walk and he was thereby caused to fall. The abutting premises were then and *76 for many years prior thereto had been used by the tenant in his individual interest as an area for the parking of automobiles for a specified charge.
It was acknowledged that at the time of the occurrence of the mishap the defendant Marian Bernstein was the owner of the abutting property, but when she acquired title to it and for what period of time she had owned it were not disclosed by the evidence.
The photograph of the sidewalk exhibits its condition of disintegration, but it is not at all demonstrative of any initial faulty construction. Indeed, the condition of the surface is represented to have been "good" in 1945.
There is no proof that the defendant Marian Bernstein had any actual knowledge of the condition of the sidewalk except it may be supposed that her husband, the defendant Harry Bernstein, who appears to have formerly owned the property, let it originally to the tenant and has continued to collect the rent, may have imparted information concerning it to her.
The evidence, however, reveals that the parking area on the premises, having entrances from both Ellison and Paterson Streets, will accommodate a capacity storage of 37 cars, and that since the year 1946 from 3,000 to 3,500 cars have entered the premises annually. The tenant, who was not made a party to the action, and who possessed and utilized the property for his own business purposes, testified that the passage of the automobiles thereon did not "affect the condition of the sidewalk in any way."
The witness Albert testified that the sidewalk began to disintegrate in places in the year 1946, but he admitted he was unaware of the cause.
The most conspicuous inadequacy in the plaintiff's proof is the absence of any evidence productive of an inference of the preponderant probability that the state of disrepair of the sidewalk was caused by the passage of the automobiles over it. Incidentally we note that there is no evidence that the vehicles passing over the walk were heavily laden.
*77 The evidence at best leaves the probability that the condition of the sidewalk was caused by the passage of automobiles over it at no higher level than the probability that its deterioration was caused by the wear and tear of the elements. Vide, Lindner v. Michel, 125 N.J.L. 409 (Sup. Ct. 1940), affirmed 127 N.J.L. 308 (E. & A. 1941); Giuliana v. Ginnelly, supra.
We do not recognize any reversible error in the action of the trial judge in sustaining the objections to the questions addressed to the plaintiff's expert witness.
The qualifications of experts are left to the discretion of the trial court and the decision is conclusive unless clearly shown to be erroneous as a matter of law. Bosze v. Metropolitan Life Ins. Co., 1 N.J. 5 (1948); Rempfer v. Deerfield Packing Corp., 4 N.J. 135 (1950).
Where expert testimony is based upon a hypothesis which omits factors patently vital to the formation of an opinion, it may properly be excluded. Schwartz v. Howard Savings Institution, supra.
The judgment under review is affirmed.