36 N.J. Super. 172 (1955)
114 A.2d 870
ELIZABETH P. WIRTH AND GUSTAVE WIRTH, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
CLARENCE PETERS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 31, 1955.
Decided June 20, 1955.
*174 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Joseph T. Sherman argued the cause for the plaintiffs-appellants.
Mr. Samuel P. Orlando argued the cause for the defendant-respondent (Messrs. Orlando, Devine & Tomlin, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiffs appeal from a judgment of involuntary dimissal of their complaint charging the defendant with negligence in creating and maintaining a nuisance, consisting of a hole in the sidewalk in front of premises owned by the defendant on Carman Street, in the City of Camden.
Carman Street is a narrow street, only 12 feet wide and used by two-way traffic. The defendant owns and resides in premises known as No. 2512 Carman Street, which runs through to Mickle Street. In the rear he maintains a plumbing shop and a garage for his truck. He also owns property designated as Nos. 2513-15 Mickle Street, consisting of a lot and a two-story building which he rents for storage purposes to one Murphy, who is engaged in the refrigerator business on Carman Street opposite the defendant's premises.
On the night of March 7, 1953 the plaintiff, Elizabeth P. Wirth, while walking along the sidewalk on Carman Street in front of the defendant's property, tripped and fell by reason of broken concrete which had caused a depression in the sidewalk near the curb in front of the defendant's property. *175 Photographs received in evidence show that a substantial part of the curb is broken and that additionally the broken portion of the sidewalk extends about three feet in from the curb.
The plaintiff established from the testimony of several witnesses, including the defendant himself, that the break in the curb and pavement, originally caused by a tractor, was worsened by trucks driving over and upon the sidewalk at the place where the plaintiff fell, and that for a number of years both large and small trucks had parked on the sidewalk in front of the defendant's premises  in fact, at the exact spot where the plaintiff fell. On occasion, the defendant's own truck was seen upon the sidewalk loading and unloading merchandise. At times other trucks parked there and made deliveries to the defendant's premises. Several times trucks owned by Murphy, the defendant's tenant, were seen parked on the walk. One witness testified that two or three times she had observed trucks doing more damage to the sidewalk where it had already been broken.
The defendant, called by the plaintiff, testified that about 14 or 15 years prior to the accident a contractor who was doing some work on adjoining property "come up out of the cellar with a big caterpillar tractor and tore a lot of my curb up, and then the trucks and everything going over it has broke some cement right in front of my gate, and, of course, * * * cars going over it, possibly, splash some of the dirt out * * * There's a little depression in front of my gate that goes back to my office, but I have a driveway alongside of that which we use all the time * * * Cars and trucks running over this hole would possibly make it a little bit deeper, but, as far as I could say, that's accurate (referring to the photographs) as far as I would know. It has been that way about 12 or 14 years." Further, he testified that trucks "back in my driveway, and run in my driveway," and in response to a question as to whether he had ever seen trucks go over his sidewalk, he answered, "Yes, when they can't get through the street. The street's only twelve foot wide. When they can't get through, they get up on our pavement and go on through."
*176 A sidewalk is intended primarily for the use of pedestrians; it was never intended or designed to be used as a parking place or driving area for trucks or automobiles. Lippincott v. Lasher, 44 N.J. Eq. 120 (Ch. 1888); Sexton v. Public Service Coordinated Transport, 5 N.J. Super. 555 (Ch. Div. 1949). Any act or obstruction upon a sidewalk that unnecessarily incommodes or impedes the lawful use thereof by the public is a nuisance. Durant v. Palmer, 29 N.J.L. 544 (E. & A. 1862).
It is settled law that
"An abutting owner is not liable for injuries suffered by a pedestrian on a defective or dilapidated sidewalk even though it constitutes a nuisance, unless the proofs show that that owner or his predecessor in title participated in the creation or continuance of the nuisance. * * * The owner of premises abutting a public sidewalk is not responsible for defects therein caused by the action of the elements or by wear and tear incident to public use, and not caused by his own wrongful act. * * *" Moskowitz v. Herman, 16 N.J. 223 (1954).
See also Volke v. Otway, 115 N.J.L. 553 (E. & A. 1935); Coll v. Bernstein, 14 N.J. Super. 71 (App. Div. 1951); Mount v. Recka and City of Jersey City, 35 N.J. Super. 374 (App. Div. 1955); 2 Stevenson, Law of Negligence in the Atlantic States, § 600 and § 602, p. 891 et seq.
The abutting owner may be held liable upon a showing that he permitted the sidewalk to be used for an improper purpose by a lessee or others, causing the defect in the sidewalk, which defective condition was the proximate cause of the plaintiff's injuries. Davis v. Tallon, 91 N.J.L. 618 (E. & A. 1918); Giuliana v. Ginnelly, 6 N.J. Super. 76 (App. Div. 1949).
Here, according to the defendant's own testimony, the broken curb and sidewalk were not caused by the elements or ordinary pedestrian use, but were originally caused by a tractor and subsequently the condition was worsened by trucks being parked or driven over the sidewalk for a period of years. Even if it be true that the municipality should not allow two-way traffic on a street as narrow as Carman Street and that the defendant is not liable for holes or depressions *177 caused by vehicles trespassing upon his premises by driving over the sidewalk, nevertheless, in the instant case there was ample evidence to show that he himself, his tenant and others making deliveries to him parked upon and drove over the sidewalk. Thus, it was used for a purpose for which it was not designed or normally intended, and the condition resulting from such unreasonable use was unsafe and dangerous to the public having occasion to use it. Zak v. Craig, 5 N.J. Misc. 275 (Sup. Ct. 1927); Prange v. McLaughlin, 115 N.J.L. 116 (E. & A. 1935). If the plaintiff's testimony is to be believed, then the continued use and breaking of the sidewalk by such improper use was for the benefit of and with the participation of the defendant.
The defendant relies on Moskowitz v. Herman, supra. That case is clearly distinguishable from the instant one. Here there is evidence that the defendant's trucks, and the trucks of his tenant, and trucks making deliveries to him, improperly used the sidewalk by driving over and parking upon it at the place of breakage, resulting in the condition which caused the plaintiff's fall. In the Moskowitz case, there was testimony that merchandise was placed on the sidewalk near the curb and then moved into the defendant's store by handtruck; there was no proof that the plaintiff fell where the merchandise had been placed, or that this merchandise caused a hole or depression in the sidewalk. The evidence showed that the sidewalk remained in the same condition of disrepair from the time the defendants acquired the property to the date of the accident.
In Prange v. McLaughlin, supra, there was evidence that coal trucks had backed up over the curb in front of the defendant's property, damaging the walk at the point where the plaintiff fell. The court held that a "question of fact as to the cause of the defective condition of the pavement was created." To the same effect, see Zak v. Craig, supra.
At the conclusion of the proofs submitted on behalf of the plaintiff, the defendant's motion for a judgment of involuntary dismissal was granted. On such a motion, "the court must take as true all evidence which supports the *178 view of the party against whom the motion is made and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor." McKinney v. Public Service Interstate Transp. Co., 4 N.J. 229 (1950); O'Donnell v. Asplundh Tree Expert Co., 13 N.J. 319 (1953).
Here, the jury could find from the evidence that for a number of years the defendant with knowledge permitted trucks to drive over and to be parked upon the sidewalk in front of his premises, enlarging the hole or depression, rendering the sidewalk unsafe for proper use by pedestrians, and proximately resulting in the plaintiff's injuries. Further, that such continuous improper use of the sidewalk, with the knowledge of and at least partially for the benefit of the defendant, amounted to participation by him in the creation and continuance of a nuisance, and imposed upon him the duty of removing it.
Accordingly, a jury question was presented and the motion for involuntary dismissal of the complaint should not have been granted. Board of Chosen Freeholders of County of Hudson v. Woodcliff Land Improvement Company, 74 N.J.L. 355 (Sup. Ct. 1907); Davis v. Tallon, supra; Prange v. McLaughlin, supra.
Judgment reversed and cause remanded for trial.